# Exhibit "B"

## Certified Copy of State Court File

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **MATTHEW R. MCCORMICK, DENVAN BENTLEY, MARTIN R. STEWART, SPENCER L. POLLARD, LEE R. SPIELMAN AND GARRETT STEVENSON** | § § § § § | |
| *Plaintiffs,* | § § | |
| **v.** | § § | **CIVIL ACTION NO.** 3:15-cv-02729 |
| **RICHARD C. PAYNE, BRETT C. BRAYTON AND WARREN TRANSPORT, INC.** | § § § | |
| *Defendants.* | § § | |

**INDEX OF STATE COURT FILE**

| EXHIBIT | FILED | DOCUMENT |
|---|---|---|
| **B** | | |
| **B-1** | | Certified Copy of Court's Docket Sheet in Cause No. CC-15-03015-C) |
| **B-2** | 06/16/15 | Plaintiffs' Original Petition with attached discovery |
| **B-3** | 06/16/15 | Citation – Brett Brayton |
| **B-4** | 06/16/15 | Citation – Richard Payne |
| **B-5** | 06/16/15 | Citation – Warren Transportation, LLC |
| **B-6** | 6/25/15 | Return of Service – Warren Transportation LLC via registered agent |
| **B-7** | 6/30/15 | Plaintiffs' First Amended Petition with Attached Discovery |
| **B-8** | 06/30/15 | Citation – Warren Transport, Inc. |
| **B-9** | 07/10/15 | Richard Payne's Original Answer |
| **B-10** | 07/10/15 | Vacation Letter – LeCrone Law Firm, PC |

| EXHIBIT | FILED | DOCUMENT |
|---------|-------|----------|
| **B-11** | 07/30/15 | Defendant Richard Payne's Certificate of Written Discovery |
| **B-12** | 08/05/15 | Affidavit of Process Server – Warren Transport, Inc. via hand delivery on 7/31/15 |
| **B-13** | 08/05/15 | Return of Service – Warren Transport, Inc. |
| **B-14** | 08/06/15 | Defendant Warren Transport, Inc. and Brett C. Brayton's Original Answer to Plaintiffs' First Amended Petition Subject to Defendants' Motion to Transfer Venue |
| **B-14a** | | Exhibit 1: Certified Police Report |
| **B15** | 08/07/15 | Plaintiffs' Notice of Nonsuit of Warren Transportation, LLC |
| **B16** | 8/13/15 | Defendant/Cross Plaintiff Richard Payne's Cross Claim and Request for Disclosure |

# EXHIBIT "B-1"

# DOCKET SHEET
## CASE NO. CC-15-03015-C

| | | |
|---|---|---|
| MATTHEW R. MCCORMICK, DENVAN BENTLEY, SPENCER L. POLLARD.et al<br>vs.<br>RICHARD C. PAYNE, BRETT C. BRAYTON, WARREN TRANSPORTATION, LLC.et al | §<br>§<br>§<br>§ | Location: **County Court at Law No. 3**<br>Judicial Officer: **MONTGOMERY, SALLY**<br>Filed on: **06/16/2015** |

### CASE INFORMATION

Case Type: **DAMAGES (COLLISION)**

Case Flags: **LEVEL 2 CASE**

| DATE | CASE ASSIGNMENT |
|---|---|
| | **Current Case Assignment**<br>Case Number     CC-15-03015-C<br>Court     County Court at Law No. 3<br>Date Assigned     06/16/2015<br>Judicial Officer     MONTGOMERY, SALLY |

### PARTY INFORMATION

|  |  | Lead Attorneys |
|---|---|---|
| **PLAINTIFF** | **BENTLEY, DENVAN**<br>*1349 EMPIRE CENTRAL, STE. 700*<br>*DALLAS, TX 75247* | **THOMAS, CRAIG W**<br>*Retained*<br>972-529-3476(W)<br>*MCKEY & SANCHEZ, PC*<br>*1349 EMPIRE CENTRAL*<br>*DRIVE*<br>*SUITE 700*<br>*DALLAS, TX 75247* |
| | **MCCORMICK, MATTHEW R.**<br>*1349 EMPIRE CENTRAL, STE. 700*<br>*DALLAS, TX 75247* | **THOMAS, CRAIG W**<br>*Retained*<br>972-529-3476(W)<br>*MCKEY & SANCHEZ, PC*<br>*1349 EMPIRE CENTRAL*<br>*DRIVE*<br>*SUITE 700*<br>*DALLAS, TX 75247* |
| **DEFENDANT** | **BRAYTON, BRETT C.**<br>*917 KENNNEDY AVENUE, TRLR 14*<br>*MADRID, IA 50156* | **CHANDLER, BRENT W.**<br>*Retained*<br>214-749-6510(W)<br>*SARGENT LAWS, P.C*<br>*901 MAIN STREET*<br>*SUITE 5200*<br>*DALLAS, TX 75202* |
| | **PAYNE, RICHARD C.**<br>*6602 MARQUETT DRIVE*<br>*ROWLETT, TX 75089* | **LECRONE, ADAM B**<br>*Retained*<br>903-813-1900(W)<br>*THE LECORNE LAW*<br>*FIRM*<br>*WALL STREET PLAZA*<br>*123 NORTH CROCKETT*<br>*STREET, SUITE 200*<br>*SHERMAN, TX 75090* |

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN DALLAS
COUNTY CLERK'S OFFICE

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| | | |

*Printed on 08/17/2015 at 12:59 PM*

| | |
|---|---|
| 06/16/2015 | NEW CASE FILED (OCA) |
| 06/16/2015 | ORIGINAL PETITION<br>*PLAINTIFFS' ORIGINAL PETITION WITH ATTACHED DISCOVERY* |
| 06/16/2015 | ISSUE CITATION<br>*BRETT C. BRAYTON* |
| 06/18/2015 | **CITATION (SERVICE)**<br>BRAYTON, BRETT C.<br>Unserved<br>*PLACED IN LDM BOX 6/18/15* |
| 06/18/2015 | ISSUE CITATION<br>*RICHARD C. PAYNE* |
| 06/18/2015 | **CITATION (SERVICE)**<br>PAYNE, RICHARD C.<br>Served: 06/18/2015<br>*PLACED IN LDM BOX 6/18/15* |
| 06/18/2015 | ISSUE CITATION<br>*WARREN TRANSPORTATON, LLC* |
| 06/18/2015 | **CITATION (SERVICE)**<br>WARREN TRANSPORTATION, LLC<br>Served: 06/22/2015<br>*PLACED IN LDM BHOX 6/18/15* |
| 06/19/2015 | RETURN OF SERVICE<br>Party: DEFENDANT PAYNE, RICHARD C.<br>*CITATION SERVED 6/18/15 @ 2:20PM* |
| 06/25/2015 | RETURN OF SERVICE<br>Party: DEFENDANT WARREN TRANSPORTATION, LLC<br>*CITATION SERVED 6/22/15 @ 11:10AM* |
| 06/30/2015 | AMENDED PETITION<br>Party: PLAINTIFF POLLARD, SPENCER L.; PLAINTIFF SPIELMAN, LEE R.; PLAINTIFF STEVENSON, GARRETT; PLAINTIFF STEWART, MARTIN R<br>*PLAINTIFFS' AMENDED PETITION WITH ATTACHED DISCOVERY* |
| 07/01/2015 | ISSUE CITATION |
| 07/01/2015 | **CITATION (SERVICE)**<br>WARREN TRANSPORT, INC.<br>Served: 07/31/2015<br>*PLACED IN LDM BOX 7/1/15* |
| 07/10/2015 | ORIGINAL ANSWER<br>Party: DEFENDANT PAYNE, RICHARD C.<br>*Defendant Payne's Original Answer* |
| 07/10/2015 | VACATION LETTER |

TRUE AND CORRECT COPY OF ORIGINAL FILED IN DALLAS COUNTY CLERK'S OFFICE

*Printed on 08/17/2015 at 12:59 PM*

Party: ATTORNEY LECRONE, ADAM B
*Defendant Payne's Vacation Letter*

07/13/2015    JURY TRIAL DEMAND
     Party: DEFENDANT PAYNE, RICHARD C.

07/30/2015    CERTIFICATE - WRITTEN DISCOVERY
     Party: DEFENDANT PAYNE, RICHARD C.

08/05/2015    RETURN OF SERVICE
     Party: DEFENDANT WARREN TRANSPORT, INC.
     *CITATION SERVED 7/31/15 @11:40AM*

08/06/2015    ORIGINAL ANSWER - GENERAL DENIAL
     Party: DEFENDANT BRAYTON, BRETT C.; DEFENDANT WARREN TRANSPORT, INC.
     *TO PLTF'S FIRST AMENDED PETITION SUBJECT TO DEFT'S MOTION TO TRANSFER VENUE*

08/07/2015    NOTICE - NONSUIT

08/13/2015    CROSS CLAIM
     *Defendant/Cross-Plaintiff Richard C. Payne's Cross-Claim and Request for Disclosure*

08/28/2015    **DISMISSAL HEARING** (8:58 AM) (Judicial Officer: MONTGOMERY, SALLY)

| DATE | FINANCIAL INFORMATION |
|------|------------------------|

**CROSS CLAIM / CROSS CLAIM PLAINTIFF** PAYNE, RICHARD
Total Charges     60.00
Total Payments and Credits     60.00
**Balance Due as of 8/17/2015**     **0.00**

**DEFENDANT** PAYNE, RICHARD C.
Total Charges     22.00
Total Payments and Credits     22.00
**Balance Due as of 8/17/2015**     **0.00**

**PLAINTIFF** MCCORMICK, MATTHEW R.
Total Charges     415.00
Total Payments and Credits     415.00
**Balance Due as of 8/17/2015**     **0.00**


TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN DALLAS
COUNTY CLERK'S OFFICE



**JOHN F. WARREN**
**Dallas County Clerk**
**George Allen Sr. Court Bldg.**
**600 Commerce St, Ste 101**
**Dallas, Texas  75202-3551**

STATE OF TEXAS

COUNTY OF DALLAS

     I, John F. Warren, Clerk of the County Court of Dallas County Court at Law No. 3, Dallas County, Texas do hereby certify that the foregoing is a true and correct copy of document in Cause No. CC-15-03015-C.

MATTHEW R. MCCORMICK; DENVAN BENTLEY; SPENCER L. POLLARD; LEE R. SPIELMAN; GARRETT STEVENSON; MARTIN R STEWART; RICHARD PAYNE, **PLAINTIFF (S)**

**VS**

RICHARD C. PAYNE; BRETT C. BRAYTON; WARREN TRANSPORTATION, LLC; WARREN TRANSPORT, INC.; BRETT C. BRAYTON; WARREN TRANSPORT, INC., **DEFENDANT (S)**

DOCKET SHEET filed on 16th day of June, 2015 in the Dallas County Court at Law No. 3, Dallas County, Texas.

**WITNESS MY HAND AND SEAL** of said Court this 17th day of August, 2015.

John F. Warren, County Clerk

By: _____
     Gwendolyn Thomas, Deputy



# EXHIBIT "B-2"

FILED
3/16/2015 9:33:12 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Cause No. <u>CC-15-03015-C</u>

| | | |
|---|---|---|
| MATTHEW R. MCCORMICK, | § | IN THE COUNTY COURT |
| DENVAN BENTLEY, | § | |
| MARTIN R.  STEWART | § | |
| SPENCER L. POLLARD, | § | |
| LEE R.  SPIELMAN, AND | § | |
| GARRETT STEVENSON, | § | |
| PLAINTIFFS | § | |
| | § | |
| | § | |
| VS. | § | AT LAW NO. _____ |
| | § | |
| | § | |
| RICHARD C. PAYNE, BRETT C. | § | |
| BRAYTON AND WARREN | § | |
| TRANSPORTATION, LLC., | § | |
| DEFENDANT | § | DALLAS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION WITH ATTACHED DISCOVERY

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COME,** DENVAN BENTLEY, MARTIN R. STEWART, MATTHEW R. MCCORMICK, SPENCER L. POLLARD, LEE R. SPIELMAN, AND STEVENSON G. WAYNE, hereinafter called Plaintiffs, complaining of and about, RICHARD C. CARVEL, BRETT C. BRAYTON AND WARREN TRANSPORTATION, LLC., hereinafter called Defendants, and would respectfully show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.   Plaintiffs intend that discovery be conducted under Discovery Level 2. Plaintiffs are currently seeking damages in excess of $100,000.00.

## PARTIES AND SERVICE

2.      Plaintiff, DENVAN BENTLEY, is an individual whose address is 2109 Antonio Drive Avon, NY 19919. The last three digits of his social security number are 616.

3.      Plaintiff, MARTIN R. STEWART, is an individual whose address is 5727 Camellia Avenue #103 N. Hollywood, CA 91601. The last three digits of his social security number are 674.

4.      Plaintiff, MATTHEW R. MCCORMICK, is an individual whose address is 20 Fairview Avenue Corte Madra, CA 94925. The last three digits of his social security number are 228.

5.      Plaintiff, SPENCER L. POLLARD, is an individual whose address is 548 South Springs #812 Los Angeles, CA 90013. The last three digits of his social security number are 057.

6.      Plaintiff, LEE R. SPIELMAN, is an individual whose address is 931 E. Pico Boulevard #225 Los Angeles, CA 90021. The last three digits of his social security number are 638.

7.      Plaintiff, GARRETT STEVENSON, is an individual whose address is 237 Colombia Place. Los Angeles, CA 90026. The last three digits of his social security number are 716.

8.    Defendant, **RICHARD C. PAYNE**, an individual who is a resident of Texas, may be served with process at his home at the following address: **6602 MARQUETT DR, ROWLETT, TX 75089-3864.**   Defendant will be served with process via private process server at the above address or wherever he may be found.

9.    Defendant, **BRETT C. BRAYTON**, an individual who is a resident of Texas, may be served with process at his home at the following address: **917 S KENNEDY AVE TRLR 14, MADRID, IA 50156-9642.**   Defendant will be served with process via private process server at the above address or wherever he may be found.

10.   Defendant, **WARREN TRANSPORTATION, LLC.** is a corporation that may be served through its registered agent CLAY KUTCH at: **3738 OAK LAWN AVE DALLAS, TX 75219-4333.**

## JURISDICTION AND VENUE

11.   The subject matter in controversy is within the jurisdictional limits of this court.

12.   This court has jurisdiction over Defendant because Defendant is a resident of the State of Texas.

13.   Venue in Dallas County is proper in this cause under Section 15.002(a) (1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## MISNOMER

14.   Plaintiffs plead the doctrine of misnomer if any of the Defendants are incorrectly named or spelled. It is Plaintiffs intention to name the Defendant trucking

company that is responsible for this motor vehicle collision and the truck driver that was operating the vehicle that collided with Plaintiffs as Defendants in this lawsuit.

## FACTS

15.     On or about December 11, 2013, Plaintiff MATTHEW R. MCCORMICK was operating a motor vehicle in McKinney, Texas. Plaintiffs DENVAN BENTLEY, MARTIN R. STEWART, SPENCER L. POLLARD, LEE R. SPIELMAN, AND GARRETT STEVENSON were passengers in the motor vehicle conducted by Plaintiff MATTHEW R. MCCORMICK. Defendant RICHARD C. PAYNE was also operating a motor vehicle in McKinney, Texas. Defendant BRETT C. BRAYTON, while in the scope of employment of Defendant WARREN TRANSPORTATION, LLC. was also operating a motor vehicle in McKinney, Texas.

16.     Plaintiffs were in a van and were traveling northbound on I-75 in the left lane. Due to traffic coming to a stop ahead, Plaintiff MATTHEW R. MCCORMICK came to a normal stop on the highway. Plaintiff had been stopped for about 30 seconds when Defendant RICHARD C. PAYNE failed to control his speed and pay proper attention and collided into the rear of Plaintiffs' vehicle.

17.     Plaintiffs' vehicle was immediately rear-ended a second time when Defendant BRETT C. BRAYTON failed to control his vehicle and collided against Defendant RICHARD C. PAYNE's vehicle, causing a second impact against Plaintiffs' vehicle. Due to this second impact, Plaintiffs' vehicle was knocked into the vehicle in front of them.

### PLAINTIFFS' CLAIM OF NEGLIGENCE AGAINST
### DEFENDANT RICHARD C. PAYNE

1.   Defendant RICHARD C. PAYNE had a duty to exercise the degree of care that a reasonably prudent and/or careful person would use to avoid harm to others under circumstances similar to those described herein.

2.   Plaintiffs' injuries were proximately caused by Defendant's negligent, careless and reckless disregard of said duty.

3.   The negligent, careless and reckless disregard of duty of Defendant RICHARD C. PAYNE consisted of, but is not limited to, the following acts and omissions:

    A.   In that Defendant RICHARD C. PAYNE failed to keep a proper lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

    B.   In that Defendant RICHARD C. PAYNE was not adequately paying attention to his surroundings;

    C.   In that Defendant RICHARD C. PAYNE failed to timely apply his brakes;

    D.   In that Defendant RICHARD C. PAYNE failed to maintain such distance away from Plaintiff's vehicle as a person using ordinary prudent care would have done;

    E.   In that Defendant RICHARD C. PAYNE took either faulty or no evasive action.

    F.   In that Defendant RICHARD C. PAYNE failed to avoid the accident or warn Plaintiffs; and,

    G.   In that Defendant RICHARD C. PAYNE violated section 545.062 of the Texas Transportation Code.

### PLAINTIFFS' CLAIM OF NEGLIGENCE AGAINST
### DEFENDANT BRETT C. BRAYTON

4.   Defendant BRETT C. BRAYTON had a duty to exercise the degree of care that a reasonably prudent and/or careful person would use to avoid harm to others under

---

circumstances similar to those described herein.

5.    Plaintiffs' injuries were proximately caused by Defendant's negligent, careless and reckless disregard of said duty.

6.    The negligent, careless and reckless disregard of duty of Defendant BRETT C. BRAYTON consisted of, but is not limited to, the following acts and omissions:

> A.    In that Defendant BRETT C. BRAYTON failed to keep a proper lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

> B.    In that Defendant BRETT C. BRAYTON was not adequately paying attention to his surroundings;

> C.    In that Defendant BRETT C. BRAYTON failed to timely apply his brakes;

> D.    In that Defendant BRETT C. BRAYTON failed to maintain such distance away from Plaintiff's vehicle as a person using ordinary prudent care would have done;

> E.    In that Defendant BRETT C. BRAYTON took either faulty or no evasive action.

> F.    In that Defendant BRETT C. BRAYTON failed to avoid the accident or warn Plaintiffs; and,

> G.    In that Defendant BRETT C. BRAYTON violated section 545.062 of the Texas Transportation Code.

**NEGLIGENT ENTRUSTMENT OF WARREN TRANSPORTATION, LLC.**

18.    The conduct of Defendant, WARREN TRANSPORTATION, LLC., by negligently entrusting the vehicle to Defendant, BRETT C. BRAYTON, was the proximate cause of Plaintiff's damages in the following acts of negligence, to wit:

> A. Defendant, WARREN TRANSPORTATION, LLC., knew or should have known that Defendant, BRETT C. BRAYTON, by a

---

**PLAINTIFFS' ORIGINAL PETITION WITH ATTAHCED DISCOVERY**

preponderance of the evidence, was a reckless or incompetent driver.

B. Defendant, WARREN TRANSPORTATION, LLC., should have used ordinary care knowing that Defendant, BRETT C. BRAYTON, was an incompetent driver, and denied the use of such vehicle to BRETT C. BRAYTON, who subsequently caused the accident, which was the proximate cause of the injuries and damages sustained by Plaintiffs.

C. Defendant, WARREN TRANSPORTATION, LLC., through acts of negligence or gross negligence, placed the Plaintiffs, and the general publics, safety at jeopardy and is liable for the harm suffered by the Plaintiffs. Defendants are jointly and severally liable for all Plaintiffs injuries.

## RESPONDEAT SUPERIOR

19. At the time of the accident Defendant, BRETT C. BRAYTON was the agent, servant, and employee of defendant, WARREN TRANSPORTATION, LLC. and was acting within the scope of his authority as such agent, servant and employee.

## DAMAGES FOR PLAINTIFFS

20. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs were caused to suffer physical injuries, and to incur the following damages:

A. Reasonable medical care and expenses in the past. These expenses were incurred by the Plaintiffs for the necessary care and treatment of the injuries resulting from the accident complained of herein, and such charges are reasonable and were usual and customary charges for such services;

B. Reasonable and necessary medical care and expenses that, in reasonable probability, will be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering that, in reasonable probability, will be sustained in the future;

E.  Physical impairment in the past;

F.  Physical impairment that, in reasonable probability, will be sustained in the future;

G.  Mental anguish in the past;

H.  Mental anguish that, in reasonable probability, will be sustained in the future;

I.  Loss of wages in the past;

J.  Loss of earning capacity that, in reasonable probability, will be sustained in the future; and,

K.  Property damage, diminution in value, and loss of use.

## REQUEST FOR DISCLOSURE

21.  Pursuant to Texas Rule of Civil Procedure 194.2, you are hereby requested to respond within 50 days of service of this request with information and        materials specified under Texas Rule of Civil Procedure 194.2 (a) – (l).


## DOCUMENT PRODUCTION/ SPOLIATION TO ALL DEFENDANTS

22.   Plaintiffs request that all Defendants, Defendants' attorneys, and Defendants' insurance carrier, preserve all documents and evidence related to this car wreck, including all photographs, estimates and statements taken in connection with Defendants and Defendants' insurance carrier's   investigation of this wreck.

23.   Pursuant to Texas Rule of Civil Procedure 196, Plaintiffs demand Defendants to respond and produce to the undersigned counsel within fifty (50) days of service of this petition all documents related to the wreck that are in the care, control and/or possession of Defendants, Defendants; insurance carrier and Defendant's attorney, including but not limited to the following documents:

1.  All photographs (produce color photos) of the vehicles involved in this wreck;

2.  All property damage and/or repair estimates of the vehicles involved in this wreck;

---

**PLAINTIFFS' ORIGINAL PETITION WITH ATTAHCED DISCOVERY**

3.   If the vehicles were totaled, all documents used or relied upon in making or accessing the value of the vehicle(s) that were declared total losses;

4.   All recorded statements taken in connection with the investigation of this wreck (Plaintiff requests an actual audio or video copy of the statement);

5.   A copy of the title to Defendant's vehicle that was involved in the motor vehicle wreck made the basis of this suit;

6.   A copy of the title to Defendant's vehicle;

7.   A copy of Defendant's driver's license;

8.   All documents related to any investigation that was done by a police, sheriff, highway patrol or any other governmental body that is in the care, custody or control of Defendants, Defendants' attorney or Defendants' insurance carrier.  This is a simple request for a copy of the police report or police incident report that is in Defendants' possession or control;

9.   All documents that Defendants intends to offer at trial in support of any claim or contention in this matter;

10.   All receipts/invoices are documents evidencing what Defendants had to eat or  drink (including alcoholic beverages) on the date of the incident made the basis of this lawsuit;

11.   All documents evidencing where Defendants had been on the date of the collision in question.

12.   All documents that Defendants have regarding the motor vehicle wreck that forms the basis of this suit;

13.   All contracts of employment evidencing who any Defendants employer was at the time of the wreck that forms the basis of this suit.

14.   Any pre-employment questionnaire or other documents secured from any Defendant's driver that was involved in this wreck made the basis of this lawsuit prior to employment.

15.   Any and all applications for employment completed by any Defendant's driver that was involved in this wreck made the basis of this lawsuit.

---

16.    A copy of any document generated or received as a result of any Defendants' inquiry into the driving record of any Defendant's driver that was involved in this wreck made the basis of this lawsuit.

17.    All paychecks or pay stubs for BRETT C. BRAYTON JR. between December 1, 2013 and January 1, 2014.

18.    All documents regarding the training that was provided to Defendant BRETT C. BRAYTON by his employer;

19.    All documents provided to Defendant BRETT C. BRAYTON regarding how he was suppose to do or perform his job.

20.    Pursuant to Texas Rule of Evidence 609(f), any documents or evidence of a conviction of any party to this lawsuit.

21.    All phone, text, and data usage records from any Defendant's cell phone, or any other cell phone in Defendant's possession, even if provided to any Defendant by an employer, friend or family member, for the entirety of the date of the accident made the basis of this lawsuit.

## INTERROGATORIES TO DEFENDANTS

24.    Pursuant to Texas Rule of Civil Procedure 197, demand is now made for Defendants to respond to the undersigned counsel within fifty (50) days of service of this petition with written answers to the following interrogatories:

1.    Please state the full name, address, telephone number, date of birth, driver's license number, social security number, and occupation of the person answering these interrogatories.

2.    State whether you, the truck driver involved in this wreck made the basis of this lawsuit, were acting within the course and scope of any employment, service or agency at the time of the collision, and describe the relationship of the persons involved.

3.    State the Style, Court and Cause number of any lawsuit you have been a party to and the final disposition of said suit.

4. Do you, your attorneys or investigators or anyone acting on your behalf, have any maps, charts, diagrams, photographs, videos, motion pictures, and/or recordings taken of the scene of this incident, or of any of the physical or mechanical objects, or of the person involved in this incident? If yes, then please indicate your willingness to allow the Plaintiffs' counsel in this lawsuit to inspect and copy or photograph the same.

5. Do you contend that any personal injuries or damages sustained by any Plaintiff in this suit were caused by an occurrence other than this accident, such as a disease or physical condition, either before or after the incidents made the basis of this case? If so, describe in detail such other occurrence, disease, injury or condition.

6. If you obtained any medical attention as a result of any injuries you sustained in this wreck, please state the name of the medical provider(s) who treated you, the type of medical treatment you received (i.e., physical therapy, MRIs, etc.), the timeframe for which you obtained medical treatment and list the body parts that you injured as a result of this motor vehicle wreck.

7. Do you contend that any Plaintiff in this suit violated any traffic laws at the time or immediately prior to the collision? If so, describe what you contend to be the violation or give the statute number of the violation.

8. If you contend that the collision in question was an "unavoidable accident," describe in detail what you believe to be the cause of the accident, to the exclusion of the conduct of the Plaintiffs or you.

9. If you contend that someone else's conduct or something else is the "sole proximate cause" of the accident in question, describe in detail the identity of that person, or what exactly caused the collision.

10. Please describe how the wreck occurred, including the directions of travel, the speed of the respective vehicles, and why you contend this wreck occurred.

11. Who gave you permission to operate the vehicle that you were traveling in when this wreck occurred?

12.     When did you first receive permission to operate the vehicle that you were operating when this wreck occurred?

13.     How often did you drive the vehicle that you were traveling in when this wreck occurred?

## REQUEST FOR ADMISSIONS TO DEFENDANTS

25.     Pursuant to Texas Rule of Civil Procedure 198, demand is now made upon Defendants to   respond to the undersigned counsel within fifty (50) days of service of this petition with written responses to the following Request for Admissions:

1.     Admit to the jury that you have been properly named in the above entitled and numbered cause.

2.     Admit to the jury that you have been properly served with citation in the above entitled and numbered cause.

3.     Admit that the collision made the basis of this suit was **not** the result of a sudden emergency.

4.     Admit that the collision made the basis of this suit did **not** result from an unavoidable accident.

5.     Admit that there was **no** non-human event or condition that contributed to the collision made the basis of this suit.

6.     Admit that there was **no** non-human event or condition that was the sole cause of the collision made the basis of this suit.

7.     Admit that the collision made the basis of this suit was proximately caused, at least in part, by your negligence.

8.     Admit to the jury your negligence was the sole cause of the collision made the basis of this lawsuit.

9.     Admit to the jury that you failed to exercise ordinary care in the operation of your motor vehicle in the collision made the basis of this lawsuit.

10.     Admit that collision made the basis of this suit did not occur because of the negligence of Plaintiff.

11.   Admit that any of Plaintiff did not fail to act as a person of ordinary prudence would have done under the same or similar circumstances in the collision made the basis of this suit.

12.   Admit that your vehicle struck Plaintiff's vehicle in the collision made the basis of this suit.

13.   Admit that you accept full responsibility for the collision made the basis of this suit.

14.   Admit that you were under employment by WARREN TRANSPORTATION, LLC.when the collision occurred.

15.   Admit that you were operating WARREN TRANSPORTATION LLC.'s truck in the course and scope of your employment with the company.

**NOTICE OF STATUTE**

26.   Plaintiffs hereby also provide notice of his intent to use the Sections 552.003 and 550.021 (a) of the Texas Transportation Code. Plaintiffs request the court to take judicial notice of this statue.

**NOTICE PURSUANT TO TRCP 193.7**

NOTICE IS HEREBY GIVEN that pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Counsel for Plaintiffs intends to use Defendant's discovery responses and any documents produced in discovery in the trial of this cause of action and/or any hearings before the Court herein.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which Plaintiffs may be entitled at law or in equity.

MCKEY & SANCHEZ, P.C.

Craig W. Thomas
State Bar No. 24048047
craig@972lawfirm.com
Jeremy W. McKey
State Bar No. 24053353
jeremy@972lawfirm.com
1349 Empire Central, Ste. 700
Dallas, TX 75247
(972) LAW-FIRM
(972) 529-3476 Phone / Fax

**ATTORNEYS FOR PLAINTIFFS**

# EXHIBIT "B-3"

# THE STATE OF TEXAS
## CITATION
CAUSE NO. CC-15-03015-C
COUNTY COURT AT LAW NO. 3
Dallas County, Texas

**TO:**

**BRETT C. BRAYTON**
**917 KENNNEDY AVENUE TRLR 14**
**MADRID IA 50156**

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFFS' ORIGINAL PETITION, a default judgment may be taken against you." Your answer should be addressed to the clerk of County Court at Law No. 3 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

**MATTHEW R. MCCORMICK; DENVAN BENTLEY; MARTIN R. STEWART; SPENCER L. POLLARD; LEE R. SPIELMAN; GARRETT STEVENSON**
*Plaintiff(s)*
**VS.**

**RICHARD C. PAYNE; BRETT C. BRAYTON; WARREN TRANSPORTATION, LLC**
*Defendant(s)*

filed in said Court on the 16th day of June, 2015a copy of which accompanies this citation.

**WITNESS: JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 18th day of June, 2015 A.D.

JOHN F. WARREN, Dallas County Clerk

By _Guisla Hernandez_ Deputy
Guisla Hernandez



CC-15-03015-C
CICI
ISSUE CITATION
852891

| ATTORNEY |
| --- |
| **CITATION** |
| **PLAINTIFFS' ORIGINAL PETITION** |
| **WITH ATTACHED DISCOVERY** |
| **CC-15-03015-C** |

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 3
Dallas County, Texas

MATTHEW R. MCCORMICK;
DENVAN BENTLEY;MARTIN R.
STEWART; SPENCER L. POLLARD;
LEE R. SPIELMAN; GARRETT
STEVENSON
*Plaintiff(s)*

VS.

RICHARD C. PAYNE; BRETT C.
BRAYTON; WARREN
TRANSPORTATION, LLC,
*Defendant(s)*

**SERVE:**

**BRETT C. BRAYTON**
**917 KENNNEDY AVENUE TRLR 14**
**MADRID IA 50156**

**ISSUED THIS**
**18th day of June, 2015**

John F. Warren, County Clerk
By: Guisla Hernandez, Deputy

Attorney for Plaintiff

CRAIG W THOMAS
MCKEY & SANCHEZ PC
1349 EMPIRE CENTRAL DRIVE
SUITE 700
DALLAS TX 75247
972-529-3476

NO OFFICER'S FEES HAVE
COLLECTED BY DALLAS

## OFFICER'S RETURN

CC-15-03015-C   County Court at Law No. 3

MATTHEW R. MCCORMICK, DENVAN BENTLEY, SPENCER L. POLLARD.et al vs. RICHARD C. PAYNE, BRETT C. BRAYTON, WARREN TRANSPORTATION, LLC

**ADDRESS FOR SERVICE:**
917 KENNNEDY AVENUE TRLR 14
MADRID IA  50156

**Fees:**
Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.m., and executed in _____ County, Texas by delivering to BRETT C. BRAYTON in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFFS' ORIGINAL PETITION with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|---------------------------------------------|
|      |           |                                             |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

Serving Petition and Copy     $_____     _____, Officer

Total   $_____                         _____, County, Texas

By:_____, Deputy

_____, Affiant

# EXHIBIT "B-4"

# THE STATE OF TEXAS
# CITATION

CAUSE NO. **CC-15-03015-C**
COUNTY COURT AT LAW NO. 3
Dallas County, Texas

TO:

**RICHARD C. PAYNE**
**6602 MARQUETT DRIVE**
**ROWLETT TX 75089**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFFS' ORIGINAL PETITION WITH ATTACHED DISCOVERY, a default judgment may be taken against you."  Your answer should be addressed to the clerk of County Court at Law No. 3 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

**MATTHEW R. MCCORMICK; DENVAN BENTLEY; SPENCER L. POLLARD; LEE R. SPIELMAN; GARRETT STEVENSON; MARTIN R STEWART**
*Plaintiff(s)*
**VS.**

**RICHARD C. PAYNE; BRETT C. BRAYTON; WARREN TRANSPORTATION, LLC**
*Defendant(s)*

filed in said Court on the 16th day of June, 2015a copy of which accompanies this citation.

**WITNESS:  JOHN F. WARREN,** Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 18th day of June, 2015 A.D.

JOHN F. WARREN, Dallas County Clerk

By _Guisla Hernandez_, Deputy
Guisla Hernandez



CC – 15 – 03015 – C
CICI
ISSUE CITATION
862868

---

| **ATTORNEY** |
| --- |
| **CITATION** |
| **PLAINTIFFS' ORIGINAL PETITION WITH ATTACHED DISCOVERY** |
| **CC-15-03015-C** |

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 3
Dallas County, Texas

MATTHEW R. MCCORMICK; DENVAN BENTLEY; SPENCER L. POLLARD; LEE R. SPIELMAN; GARRETT STEVENSON; MARTIN R STEWART, *Plaintiff(s)*

VS.

RICHARD C. PAYNE; BRETT C. BRAYTON; WARREN TRANSPORTATION, LLC, *Defendant(s)*

**SERVE:**
    **RICHARD C. PAYNE**
    **6602 MARQUETT DRIVE**
    **ROWLETT TX 75089**

**ISSUED THIS**
18th day of June, 2015

John F. Warren, County Clerk
By: Guisla Hernandez, Deputy

**Attorney for Plaintiff**
**CRAIG W THOMAS**
MCKEY & SANCHEZ PC
1349 EMPIRE CENTRAL DRIVE
SUITE 700
DALLAS TX 75247
972-529-3476

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

# OFFICER'S RETURN

CC-15-03015-C   County Court at Law No. 3

MATTHEW R. MCCORMICK, DENVAN BENTLEY, SPENCER L. POLLARD.et al vs. RICHARD C. PAYNE, BRETT C. BRAYTON, WARREN TRANSPORTATION, LLC

**ADDRESS FOR SERVICE:**
6602 MARQUETT DRIVE
ROWLETT TX  75089

**Fees:**

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.m., and executed in _____ County, Texas by delivering to RICHARD C. PAYNE in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFFS' ORIGINAL PETITION WITH ATTACHED DISCOVERY Petition with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
| --- | --- | --- |
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

Serving Petition and Copy     $_____     _____, Officer

Total    $_____     _____, County, Texas

By:_____, Deputy

_____, Affiant

# EXHIBIT "B-5"

# THE STATE OF TEXAS
## CITATION

CAUSE NO. **CC-15-03015-C**
COUNTY COURT AT LAW NO. 3
Dallas County, Texas

TO:

**WARREN TRANSPORTATION, LLC**
**SERVE ITS REG AGENTCLAY KUTCH**
**3738 OAK LAWN AVE**
**DALLAS TX 75219**

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFFS' ORIGINAL PETITION WITH ATTACHED DISCOVERY a default judgment may be taken against you." Your answer should be addressed to the clerk of County Court at Law No. 3 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

**MATTHEW R. MCCORMICK; DENVAN BENTLEY; SPENCER L. POLLARD; LEE R. SPIELMAN; GARRETT STEVENSON; MARTIN R STEWART**
*Plaintiff(s)*
VS.

**RICHARD C. PAYNE; BRETT C. BRAYTON; WARREN TRANSPORTATION, LLC**
*Defendant(s)*

filed in said Court on the 16th day of June, 2015a copy of which accompanies this citation.

**WITNESS: JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 18th day of June, 2015 A.D.

JOHN F. WARREN, Dallas County Clerk

By _____ Deputy
Guisla Hernandez





CC-16-03015-C
CICI
ISSUE CITATION
852895

---

**ATTORNEY**

**CITATION**
**PLAINTIFFS' ORIGINAL PETITION**
**WITH ATTACHED DISCOVERY**

**CC-15-03015-C**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 3
Dallas County, Texas

MATTHEW R. MCCORMICK; DENVAN BENTLEY; SPENCER L. POLLARD; LEE R. SPIELMAN; GARRETT STEVENSON; MARTIN R STEWART, *Plaintiff(s)*

VS.

RICHARD C. PAYNE; BRETT C. BRAYTON; WARREN TRANSPORTATION, LLC, *Defendant(s)*

**SERVE:**
**WARREN TRANSPORTATION, LLC**
**SERVE ITS REG AGENTCLAY KUTCH**
**3738 OAK LAWN AVE**
**DALLAS TX 75219**

**ISSUED THIS**
**18th day of June, 2015**

John F. Warren, County Clerk
By: Guisla Hernandez, Deputy

Attorney for Plaintiff

CRAIG W THOMAS
MCKEY & SANCHEZ PC
1349 EMPIRE CENTRAL DRIVE
SUITE 700
DALLAS TX 75247
972-529-3476

NO OFFICER'S FEES HAVE BEEN COLLECTED BY DALLAS COUNTY CLERK

# OFFICER'S RETURN

CC-15-03015-C County Court at Law No. 3

MATTHEW R. MCCORMICK, DENVAN BENTLEY, SPENCER L. POLLARD.et al vs. RICHARD C. PAYNE, BRETT C. BRAYTON, WARREN TRANSPORTATION, LLC

**ADDRESS FOR SERVICE:**
SERVE ITS REG AGENTCLAY KUTCH
3738 OAK LAWN AVE
DALLAS TX 75219

Fees:

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.m., and executed in _____ County, Texas by delivering to WARREN TRANSPORTATION, LLC in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFFS' ORIGINAL PETITION WITH ATTACHED DISCOVERY with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|---------------------------------------------|
| _____ | _____ | _____ |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

Serving Petition and Copy    $_____    _____, Officer

Total    $_____    _____, County, Texas

By:_____, Deputy

_____, Affiant

# EXHIBIT "B-6"

# THE STATE OF TEXAS
## CITATION
CAUSE NO. CC-15-03015-C
COUNTY COURT AT LAW NO. 3
Dallas County, Texas

FILED
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY, TEXAS

2015 JUN 25 PM 1:28

**TO:**

WARREN TRANSPORTATION, LLC
SERVE ITS REG AGENTCLAY KUTCH
3738 OAK LAWN AVE
DALLAS TX 75219

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFFS' ORIGINAL PETITION WITH ATTACHED DISCOVERY a default judgment may be taken against you."  Your answer should be addressed to the clerk of County Court at Law No. 3 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

**MATTHEW R. MCCORMICK; DENVAN BENTLEY; SPENCER L. POLLARD; LEE R. SPIELMAN; GARRETT STEVENSON; MARTIN R STEWART**
*Plaintiff(s)*
VS.

**RICHARD C. PAYNE; BRETT C. BRAYTON; WARREN TRANSPORTATION, LLC**
*Defendant(s)*

filed in said Court on the 16th day of June, 2015a copy of which accompanies this citation.

**WITNESS:  JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 18th day of June, 2015 A.D.

JOHN F. WARREN, Dallas County Clerk

By _____ Deputy
Guisla Hernandez



---

### ATTORNEY
### CITATION
**PLAINTIFFS' ORIGINAL PETITION WITH ATTACHED DISCOVERY**

## CC-15-03015-C

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 3
Dallas County, Texas

MATTHEW R. MCCORMICK; DENVAN BENTLEY; SPENCER L. POLLARD; LEE R. SPIELMAN; GARRETT STEVENSON; MARTIN R STEWART, *Plaintiff(s)*

VS.

RICHARD C. PAYNE; BRETT C. BRAYTON; WARREN TRANSPORTATION, LLC, *Defendant(s)*

**SERVE:**
WARREN TRANSPORTATION, LLC
SERVE ITS REG AGENTCLAY KUTCH
3738 OAK LAWN AVE
DALLAS TX 75219

**ISSUED THIS**
18th day of June, 2015

John F. Warren, County Clerk
By: Guisla Hernandez, Deputy

Attorney for Plaintiff

CRAIG W THOMAS
MCKEY & SANCHEZ PC
1349 EMPIRE CENTRAL DRIVE
SUITE 700
DALLAS TX 75247
972-529-3476

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

**OFFICER'S RETURN**

CC-15-03015-C   County Court at Law No. 3

MATTHEW R. MCCORMICK, DENVAN BENTLEY, SPENCER L. POLLARD.et al vs. RICHARD C. PAYNE, BRETT C. BRAYTON, WARREN TRANSPORTATION, LLC

**ADDRESS FOR SERVICE:**
SERVE ITS REG AGENTCLAY KUTCH
3738 OAK LAWN AVE
DALLAS TX  75219

**Fees:**
Came to hand on the _18th_ day of _June_, 20 _15_, at _10_ o'clock _A_ .m., and executed in _Dallas_ County, Texas by delivering to WARREN TRANSPORTATION, LLC in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFFS' ORIGINAL PETITION WITH ATTACHED DISCOVERY with the date and service at the following times and places to-wit:

Name _Warren Transportation, LLC by serving registered agent_  Date/Time  Place, Course and Distance from Courthouse

_Clay Kutch_          _6-22-15  11:10A_        _3738 Oak Lawn Ave, Dallas, TX, 75219_

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

Serving Petition and Copy    $ _____        _Carina A. Woods_ , ~~Officer~~

Total   $ _75_                    _#10836_ , ~~County, Texas~~

By: _Exp 3/31/17_  ~~Deputy~~

_Carina Q. Woods_ , Affiant

SWORN TO AND SUBSCRIBED BEFORE ME
ON THIS _24th_ DAY OF _June_ 20 _15_
x _Heather L Bork_

HEATHER L. BORK
NOTARY PUBLIC
STATE OF TEXAS
03-14-17

# EXHIBIT "B-7"

FILED
10/30/2015 2:36:40 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

No.  CC-15-03015-C

| | | |
|---|---|---|
| **MATTHEW R. MCCORMICK,** | § | **IN THE COUNTY COURT** |
| **DENVAN BENTLEY,** | § | |
| **MARTIN R.  STEWART** | § | |
| **SPENCER L. POLLARD,** | § | |
| **LEE R.  SPIELMAN, AND** | § | |
| **GARRETT STEVENSON,** | § | |
| **PLAINTIFFS** | § | |
| | § | |
| | § | |
| **VS.** | § | **AT LAW NO.  3** |
| | § | |
| | § | |
| **RICHARD C. PAYNE, BRETT C.** | § | |
| **BRAYTON AND WARREN** | § | |
| **TRANSPORTATION, LLC.,** | § | |
| **WARREN TRANSPORT, INC.** | § | |
| **DEFENDANT** | § | **DALLAS COUNTY, TEXAS** |

---

### PLAINTIFFS' FIRST AMENDED PETITION WITH ATTACHED DISCOVERY

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COME, DENVAN BENTLEY, MARTIN R. STEWART, MATTHEW R. MCCORMICK, SPENCER L. POLLARD, LEE R. SPIELMAN, AND STEVENSON G. WAYNE, hereinafter called Plaintiffs, complaining of and about, RICHARD C. CARVEL, BRETT C. BRAYTON, WARREN TRANSPORTATION, LLC., AND/OR WARREN TRANSPORT, INC., hereinafter called Defendants, and would respectfully show unto the Court the following:

#### DISCOVERY CONTROL PLAN LEVEL

1.     Plaintiffs intend that discovery be conducted under Discovery Level 2. Plaintiffs are currently seeking damages in excess of $100,000.00.

---

**PARTIES AND SERVICE**

2.      Plaintiff, DENVAN BENTLEY, is an individual whose address is 2109 Antonio Drive Avon, NY 19919. The last three digits of his social security number are 616.

3.      Plaintiff, MARTIN R. STEWART, is an individual whose address is 5727 Camellia Avenue #103 N. Hollywood, CA 91601. The last three digits of his social security number are 674.

4.      Plaintiff, MATTHEW R. MCCORMICK, is an individual whose address is 20 Fairview Avenue Corte Madra, CA 94925. The last three digits of his social security number are 228.

5.      Plaintiff, SPENCER L. POLLARD, is an individual whose address is 548 South Springs #812 Los Angeles, CA 90013. The last three digits of his social security number are 057.

6.      Plaintiff, LEE R. SPIELMAN, is an individual whose address is 931 E. Pico Boulevard #225 Los Angeles, CA 90021. The last three digits of his social security number are 638.

7.      Plaintiff, GARRETT STEVENSON, is an individual whose address is 237 Colombia Place. Los Angeles, CA 90026. The last three digits of his social security number are 716.

8.    Defendant, **RICHARD C. PAYNE**, an individual who is a resident of Texas, may be served with process at his home at the following address: **6602 MARQUETT DR, ROWLETT, TX 75089-3864.**  Defendant will be served with process via private process server at the above address or wherever he may be found.

9.    Defendant, **BRETT C. BRAYTON**, an individual who is a resident of Texas, may be served with process at his home at the following address: **917 S KENNEDY AVE TRLR 14, MADRID, IA 50156-9642.**  Defendant will be served with process via private process server at the above address or wherever he may be found.

10.   Defendant, **WARREN TRANSPORTATION, LLC.** is a corporation that has been served with citation and has not filed an answer within.

11.   Defendant, **WARREN TRANSPORT, INC.,** is a foreign for-profit corporation that may be served through its registered agent Kenneth R. Nelson at: **319 Pinto Valley Drive, Laredo, TX 78045.**

## JURISDICTION AND VENUE

12.   The subject matter in controversy is within the jurisdictional limits of this court.

13.   This court has jurisdiction over Defendant because Defendant is a resident of the State of Texas.

14.   Venue in Dallas County is proper in this cause under Section 15.002(a) (1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## MISNOMER

15.     Plaintiffs plead the doctrine of misnomer if any of the Defendants are incorrectly named or spelled. It is Plaintiffs intention to name the Defendant trucking company that is responsible for this motor vehicle collision and the truck driver that was operating the vehicle that collided with Plaintiffs as Defendants in this lawsuit.

## FACTS

16.     On or about December 11, 2013, Plaintiff MATTHEW R. MCCORMICK was operating a motor vehicle in McKinney, Texas. Plaintiffs DENVAN BENTLEY, MARTIN R. STEWART, SPENCER L. POLLARD, LEE R. SPIELMAN, AND GARRETT STEVENSON were passengers in the motor vehicle conducted by Plaintiff MATTHEW R. MCCORMICK. Defendant RICHARD C. PAYNE was also operating a motor vehicle in McKinney, Texas. Defendant BRETT C. BRAYTON, while in the scope of employment of Defendant WARREN TRANSPORT, Inc., was also operating a motor vehicle in McKinney, Texas.

17.     Plaintiffs were in a van and were traveling northbound on I-75 in the left lane. Due to traffic coming to a stop ahead, Plaintiff MATTHEW R. MCCORMICK came to a normal stop on the highway. Plaintiff had been stopped for about 30 seconds when Defendant RICHARD C. PAYNE failed to control his speed and pay proper attention and collided into the rear of Plaintiffs' vehicle.

18.     Plaintiffs' vehicle was immediately rear-ended a second time when Defendant BRETT C. BRAYTON failed to control his vehicle and collided against Defendant RICHARD C. PAYNE's vehicle, causing a second impact against

---

**PLAINTIFFS' FIRST AMENDED PETITION WITH ATTAHCED DISCOVERY**

Plaintiffs' vehicle. Due to this second impact, Plaintiffs' vehicle was knocked into the vehicle in front of them.

## PLAINTIFFS' CLAIM OF NEGLIGENCE AGAINST
## DEFENDANT RICHARD C. PAYNE

1.  Defendant RICHARD C. PAYNE had a duty to exercise the degree of care that a reasonably prudent and/or careful person would use to avoid harm to others under circumstances similar to those described herein.

2.  Plaintiffs' injuries were proximately caused by Defendant's negligent, careless and reckless disregard of said duty.

3.  The negligent, careless and reckless disregard of duty of Defendant RICHARD C. PAYNE consisted of, but is not limited to, the following acts and omissions:

    A.  In that Defendant RICHARD C. PAYNE failed to keep a proper lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

    B.  In that Defendant RICHARD C. PAYNE was not   adequately paying attention to his surroundings;

    C.  In that Defendant RICHARD C. PAYNE failed to   timely apply his brakes;

    D.  In that Defendant RICHARD C. PAYNE failed to maintain such distance away from Plaintiff's vehicle as a person using ordinary prudent care would have done;

    E.  In that Defendant RICHARD C. PAYNE took either faulty or   no evasive action.

    F.  In that Defendant RICHARD C. PAYNE failed to   avoid   the accident or warn Plaintiffs; and,

    G.  In that Defendant RICHARD C. PAYNE violated   section 545.062 of the Texas Transportation Code.

## PLAINTIFFS' CLAIM OF NEGLIGENCE AGAINST
## DEFENDANT BRETT C. BRAYTON

4.     Defendant BRETT C. BRAYTON had a duty to exercise the degree of care that a

reasonably prudent and/or careful person would use to avoid harm to others under

circumstances similar to those described herein.

5.     Plaintiffs' injuries were proximately caused by Defendant's negligent, careless

and reckless disregard of said duty.

6.     The negligent, careless and reckless disregard of duty of Defendant BRETT C.

BRAYTON consisted of, but is not limited to, the following acts and omissions:

A.     In that Defendant BRETT C. BRAYTON failed to keep a proper
lookout as a person of ordinary prudence would have kept under
the same or similar circumstances;

B.     In that Defendant BRETT C. BRAYTON was not adequately
paying attention to his surroundings;

C.     In that Defendant BRETT C. BRAYTON failed to timely apply his
brakes;

D.     In that Defendant BRETT C. BRAYTON failed to maintain such
distance away from Plaintiff's vehicle as a person using ordinary
prudent care would have done;

E.     In that Defendant BRETT C. BRAYTON took either faulty or    no
evasive action.

F.     In that Defendant BRETT C. BRAYTON failed to   avoid   the
accident or warn Plaintiffs; and,

G.     In that Defendant BRETT C. BRAYTON violated   section
545.062 of the Texas Transportation Code.

## NEGLIGENT ENTRUSTMENT OF WARREN TRANSPORT, INC.

18.    The conduct of Defendant, WARREN TRANSPORT, INC., by negligently

entrusting the vehicle to Defendant, BRETT C. BRAYTON, was the proximate

cause of Plaintiff's damages in the following acts of negligence, to wit:

      A. Defendant, WARREN TRANSPORT INC., knew or should have
known that Defendant, BRETT C. BRAYTON, by a preponderance
of the evidence, was a reckless or incompetent driver.

      B. Defendant, WARREN TRANSPORT INC., should have used ordinary
care knowing that Defendant, BRETT C. BRAYTON, was an
incompetent driver, and denied the use of such vehicle to BRETT
C. BRAYTON, who subsequently caused the accident, which was
the proximate cause of the injuries and damages sustained by
Plaintiffs.

      C. Defendant, WARREN TRANSPORT, INC., through acts of negligence
or gross negligence, placed the Plaintiffs, and the general publics,
safety at jeopardy and is liable for the harm suffered by the
Plaintiffs.   Defendants are jointly and severally liable for all
Plaintiffs injuries.

## RESPONDEAT SUPERIOR

19.    At the time of the accident Defendant, BRETT C. BRAYTON was the agent,

servant, and employee of defendant, WARREN TRANSPORT INC., and was

acting within the scope of his authority as such agent, servant and employee.

## DAMAGES FOR PLAINTIFFS

20.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs were

caused to suffer physical injuries, and to incur the following damages:

A.  Reasonable medical care and expenses in the past. These expenses were incurred by the Plaintiffs for the necessary care and treatment of the injuries resulting from the accident complained of herein, and such charges are reasonable and were usual and customary charges for such services;

B.  Reasonable and necessary medical care and expenses that, in reasonable probability, will be incurred in the future;

C.  Physical pain and suffering in the past;

D.  Physical pain and suffering that, in reasonable probability, will be sustained in the future;

E.  Physical impairment in the past;

F.  Physical impairment that, in reasonable probability, will be sustained in the future;

G.  Mental anguish in the past;

H.  Mental anguish that, in reasonable probability, will be sustained in the future;

I.  Loss of wages in the past;

J.  Loss of earning capacity that, in reasonable probability, will be sustained in the future; and,

K.  Property damage, diminution in value, and loss of use.

## REQUEST FOR DISCLOSURE

21.   Pursuant to Texas Rule of Civil Procedure 194.2, you are hereby requested to respond within 50 days of service of this request with information and       materials specified under Texas Rule of Civil Procedure 194.2 (a) – (l).

## DOCUMENT PRODUCTION/ SPOLIATION TO ALL DEFENDANTS

22.   Plaintiffs request that all Defendants, Defendants' attorneys, and Defendants' insurance carrier, preserve all documents and evidence related to this car wreck, including all photographs, estimates and statements taken in connection with Defendants and Defendants' insurance carrier's   investigation of this wreck.

---

**PLAINTIFFS' FIRST AMENDED PETITION WITH ATTAHCED DISCOVERY**

23.     Pursuant to Texas Rule of Civil Procedure 196, Plaintiffs demand Defendants to respond and produce to the undersigned counsel within fifty (50) days of service of this petition all documents related to the wreck that are in the care, control and/or possession of Defendants, Defendants; insurance carrier and Defendant's attorney, including but not limited to the following documents:

1.      All photographs (produce color photos) of the vehicles involved in this wreck;

2.      All property damage and/or repair estimates of the vehicles involved in this wreck;

3.      If the vehicles were totaled, all documents used or relied upon in making or accessing the value of the vehicle(s) that were declared total losses;

4.      All recorded statements taken in connection with the investigation of this wreck (Plaintiff requests an actual audio or video copy of the statement);

5.      A copy of the title to Defendant's vehicle that was involved in the motor vehicle wreck made the basis of this suit;

6.      A copy of the title to Defendant's vehicle;

7.      A copy of Defendant's driver's license;

8.      All documents related to any investigation that was done by a police, sheriff, highway patrol or any other governmental body that is in the care, custody or control of Defendants, Defendants' attorney or Defendants' insurance carrier. This is a simple request for a copy of the police report or police incident report that is in Defendants' possession or control;

9.      All documents that Defendants intends to offer at trial in support of any claim or contention in this matter;

10.     All receipts/invoices are documents evidencing what Defendants had to eat or  drink (including alcoholic beverages) on the date of the incident made the basis of this lawsuit;

11.     All documents evidencing where Defendants had been on the date of the collision in question.

12.     All documents that Defendants have regarding the motor vehicle wreck that forms the basis of this suit;

13. All contracts of employment evidencing who any Defendants employer was at the time of the wreck that forms the basis of this suit.

14. Any pre-employment questionnaire or other documents secured from any Defendant's driver that was involved in this wreck made the basis of this lawsuit prior to employment.

15. Any and all applications for employment completed by any Defendant's driver that was involved in this wreck made the basis of this lawsuit.

16. A copy of any document generated or received as a result of any Defendants' inquiry into the driving record of any Defendant's driver that was involved in this wreck made the basis of this lawsuit.

17. All paychecks or pay stubs for BRETT C. BRAYTON JR. between December 1, 2013 and January 1, 2014.

18. All documents regarding the training that was provided to Defendant BRETT C. BRAYTON by his employer;

19. All documents provided to Defendant BRETT C. BRAYTON regarding how he was suppose to do or perform his job.

20. Pursuant to Texas Rule of Evidence 609(f), any documents or evidence of a conviction of any party to this lawsuit.

21. All phone, text, and data usage records from any Defendant's cell phone, or any other cell phone in Defendant's possession, even if provided to any Defendant by an employer, friend or family member, for the entirety of the date of the accident made the basis of this lawsuit.

## **INTERROGATORIES TO DEFENDANTS**

24. Pursuant to Texas Rule of Civil Procedure 197, demand is now made for Defendants to respond to the undersigned counsel within fifty (50) days of service of this petition with written answers to the following interrogatories:

---

1. Please state the full name, address, telephone number, date of birth, driver's license number, social security number, and occupation of the person answering these interrogatories.

2. State whether you, the truck driver involved in this wreck made the basis of this lawsuit, were acting within the course and scope of any employment, service or agency at the time of the collision, and describe the relationship of the persons involved.

3. State the Style, Court and Cause number of any lawsuit you have been a party to and the final disposition of said suit.

4. Do you, your attorneys or investigators or anyone acting on your behalf, have any maps, charts, diagrams, photographs, videos, motion pictures, and/or recordings taken of the scene of this incident, or of any of the physical or mechanical objects, or of the person involved in this incident? If yes, then please indicate your willingness to allow the Plaintiffs' counsel in this lawsuit to inspect and copy or photograph the same.

5. Do you contend that any personal injuries or damages sustained by any Plaintiff in this suit were caused by an occurrence other than this accident, such as a disease or physical condition, either before or after the incidents made the basis of this case? If so, describe in detail such other occurrence, disease, injury or condition.

6. If you obtained any medical attention as a result of any injuries you sustained in this wreck, please state the name of the medical provider(s) who treated you, the type of medical treatment you received (i.e., physical therapy, MRIs, etc.), the timeframe for which you obtained medical treatment and list the body parts that you injured as a result of this motor vehicle wreck.

7. Do you contend that any Plaintiff in this suit violated any traffic laws at the time or immediately prior to the collision? If so, describe what you contend to be the violation or give the statute number of the violation.

8. If you contend that the collision in question was an "unavoidable accident," describe in detail what you believe to be the cause of the accident, to the exclusion of the conduct of the Plaintiffs or you.

9. If you contend that someone else's conduct or something else is the "sole proximate cause" of the accident in question, describe in detail the identity of that person, or what exactly caused the collision.

10. Please describe how the wreck occurred, including the directions of travel, the speed of the respective vehicles, and why you contend this wreck occurred.

11. Who gave you permission to operate the vehicle that you were traveling in when this wreck occurred?

12. When did you first receive permission to operate the vehicle that you were operating when this wreck occurred?

13. How often did you drive the vehicle that you were traveling in when this wreck occurred?

## REQUEST FOR ADMISSIONS TO DEFENDANTS

25. Pursuant to Texas Rule of Civil Procedure 198, demand is now made upon Defendants to  respond to the undersigned counsel within fifty (50) days of service of this petition with written responses to the following Request for Admissions:

1. Admit to the jury that you have been properly named in the above entitled and numbered cause.

2. Admit to the jury that you have been properly served with citation in the above entitled and numbered cause.

3. Admit that the collision made the basis of this suit was **not** the result of a sudden emergency.

4. Admit that the collision made the basis of this suit did **not** result from an unavoidable accident.

5. Admit that there was **no** non-human event or condition that contributed to the collision made the basis of this suit.

6. Admit that there was **no** non-human event or condition that was the sole cause of the collision made the basis of this suit.

7. Admit that the collision made the basis of this suit was proximately caused, at least in part, by your negligence.

8.  Admit to the jury your negligence was the sole cause of the collision made the basis of this lawsuit.

9.  Admit to the jury that you failed to exercise ordinary care in the operation of your motor vehicle in the collision made the basis of this lawsuit.

10. Admit that collision made the basis of this suit did not occur because of the negligence of Plaintiff.

11. Admit that any of Plaintiff did not fail to act as a person of ordinary prudence would have done under the same or similar circumstances in the collision made the basis of this suit.

12. Admit that your vehicle struck Plaintiff's vehicle in the collision made the basis of this suit.

13. Admit that you accept full responsibility for the collision made the basis of this suit.

14. Admit that you were under employment by WARREN TRANSPORT, INC., when the collision occurred.

15. Admit that you were operating WARREN TRANSPORT, INC.,'s truck in the course and scope of your employment       with       the company.

## NOTICE OF STATUTE

26. Plaintiffs hereby also provide notice of his intent to use the Sections 552.003 and 550.021 (a) of the Texas Transportation Code. Plaintiffs request the court to take judicial notice of this statue.

## NOTICE PURSUANT TO TRCP 193.7

NOTICE IS HEREBY GIVEN that pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Counsel for Plaintiffs intends to use Defendant's discovery responses and any documents produced in discovery in the trial of this cause of action and/or any hearings before the Court herein.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which Plaintiffs may be entitled at law or in equity.

MCKEY & SANCHEZ, P.C.

Craig W. Thomas
State Bar No. 24048047
craig@972lawfirm.com
Jeremy W. McKey
State Bar No. 24053353
jeremy@972lawfirm.com
1349 Empire Central, Ste. 700
Dallas, TX 75247
(972) LAW-FIRM
(972) 529-3476 Phone / Fax

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

No Certificate of Service is necessary at this time.

# EXHIBIT "B-8"

# THE STATE OF TEXAS
# CITATION
CAUSE NO. CC-15-03015-C
COUNTY COURT AT LAW NO. 3
Dallas County, Texas

TO:

**WARREN TRANSPORT, INC.**
**SERVE ITS REGISTERED AGENT:KENNETH R NELSON**
**319 PINTO VALLEY DRIVE**
**LAREDO TX  78045**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S FIRST AMENDED PETITION WITH ATTACHED DISCOVERY, a default judgment may be taken against you."  Your answer should be addressed to the clerk of  County Court at Law No. 3 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

**MATTHEW R. MCCORMICK; DENVAN BENTLEY; SPENCER L. POLLARD; LEE R. SPIELMAN;**
**GARRETT STEVENSON; MARTIN R STEWART**
*Plaintiff(s)*
**VS.**

**RICHARD C. PAYNE; BRETT C. BRAYTON; WARREN TRANSPORTATION, LLC**
*Defendant(s)*

filed in said Court on the 30th day of June, 2015a copy of which accompanies this citation.

**WITNESS:  JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 1st day of July, 2015 A.D.

JOHN F. WARREN, Dallas County Clerk

By _____ Deputy
        Guisla Hernandez



CC - 15 - 03015 - C
CICI
ISSUE CITATION
861474

---

| ATTORNEY |
| --- |

| CITATION |
| --- |
| **PLAINTIFF'S FIRST AMENDED PETITION WITH ATTACHED DISCOVERY** |

**CC-15-03015-C**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 3
Dallas County, Texas

MATTHEW R. MCCORMICK; DENVAN BENTLEY; SPENCER L. POLLARD; LEE R. SPIELMAN; GARRETT STEVENSON; MARTIN R STEWART, *Plaintiff(s)*

**VS.**

RICHARD C. PAYNE; BRETT C. BRAYTON; WARREN TRANSPORTATION, LLC; WARREN TRANSPORT, INC., *Defendant(s)*

**SERVE:**
**WARREN TRANSPORT, INC.**
**SERVE ITS REGISTERED AGENT**
**KENNETH R NELSON**
**319 PINTO VALLEY DRIVE**
**LAREDO TX  78045**

**ISSUED THIS**
**1st day of July, 2015**

John F. Warren, County Clerk
By: Guisla Hernandez, Deputy

Attorney for Plaintiff

CRAIG W THOMAS
MCKEY & SANCHEZ PC
1349 EMPIRE CENTRAL DRIVE
SUITE 700
DALLAS TX  75247
972-529-3476

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

## OFFICER'S RETURN

CC-15-03015-C   County Court at Law No. 3

MATTHEW R. MCCORMICK, DENVAN BENTLEY, SPENCER L. POLLARD.et al vs. RICHARD C. PAYNE, BRETT C. BRAYTON, WARREN TRANSPORTATION, LLC

**ADDRESS FOR SERVICE:**
SERVE ITS REGISTERED AGENT KENNETH R NELSON
319 PINTO VALLEY DRIVE
LAREDO TX  78045

**Fees:**

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.m., and executed in _____ County, Texas by delivering to WARREN TRANSPORT, INC. in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S FIRST AMENDED PETITION WITH ATTACHED DISCOVERY Petition with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| _____ | _____ | _____ |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

Serving Petition and Copy          $_____          _____, Officer

Total    $_____          _____, County, Texas

By:_____, Deputy

_____, Affiant

# EXHIBIT "B-9"

FILED
8/10/2015 5:02:55 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

## CAUSE NO. CC-15-03015-C

| | | |
|---|---|---|
| MATTHEW R. MCCORMICK, DENVAN BENTLEY, MARTIN R. STEWART, SPENCER L. POLLARD, LEE R. SPIELMAN, AND GARRETT STEVENSON | § § § § § § | IN THE COUNTY COURT |
| V. | § § § | AT LAW NO. 3 |
| RICHARD C. PAYNE, BRETT C. BRAYTON AND WARREN TRANSPORTATION, LLC | § § § | DALLAS COUNTY, TEXAS |

### DEFENDANT RICHARD C. PAYNE'S ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **COMES NOW,** Richard C. Payne, and files this his Original Answer to Plaintiffs' Original Petition and would respectfully show the Court as follows:

### RULE 193.7

### I.

    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby gives notice to the Plaintiff that Defendant intends to use all documents exchanged and produced between the parties (including, but not limited to, correspondence, pleadings, records and discovery responses) during the trial of this matter as authenticated.

### SPECIAL EXCEPTIONS

### II.

    Defendant specially objects and excepts to Paragraph 20. of Plaintiffs' Original Petition wherein Plaintiffs allege:

    "Physical pain and suffering in the past"

    "Physical pain and suffering. . . in the future"

Rule 56 of the TEXAS RULES OF CIVIL PROCEDURE requires that when an item of special damages is claimed, it shall be specifically stated. Therefore, Plaintiffs should be required to plead facts sufficient to put Defendant on notice of what physical pain and suffering Plaintiffs are claiming, including the kind, character, nature and extent of such claims. Further, Plaintiffs should be required to state what physical pain and suffering the Plaintiffs anticipate suffering in the future. Should Plaintiffs fail and/or refuse to so amend their Petition, the above-referenced allegations should be automatically stricken in their entirety and all relief supported by the same automatically denied.

## III.

Defendant specially objects and excepts to Paragraph 20. of Plaintiffs' Original Petition wherein Plaintiffs allege:

"Reasonable medical care and expenses in the past."

"Reasonable and necessary medical care and expenses. . . in the future"

Rule 56 of the TEXAS RULES OF CIVIL PROCEDURE requires that when an item of special damages is claimed, it shall be specifically stated. Therefore, Plaintiffs should be required to state the name of each health care provider and/or physician who treated them for injuries allegedly suffered as a result of the incident made the basis of this suit, and the amount paid to or owed to such health care providers and/or physicians. Further, Plaintiffs should be required to state the amount of medical expenses they anticipate incurring in the future. Should Plaintiffs fail and/or refuse to so amend their Petition, the above-referenced allegations should be automatically stricken in their entirety and all relief supported by the same automatically denied.

## IV.

Defendant specially objects and excepts to Paragraph 20. of Plaintiffs' Original Petition wherein Plaintiffs allege:

"Physical impairment in the past"

"Physical impairment. . . in the future"

Rule 56 of the TEXAS RULES OF CIVIL PROCEDURE requires that when an item of special damages is claimed, it shall be specifically stated. Therefore, Plaintiffs should be required to plead facts sufficient to put Defendant on notice of what physical impairment Plaintiffs are claiming, including the kind, character, nature and extent of such claims. Further, Plaintiffs should be required to state what physical impairment the Plaintiffs anticipate suffering in the future. Should Plaintiffs fail and/or refuse to so amend their Petition, the above-referenced allegations should be automatically stricken in their entirety and all relief supported by the same automatically denied.

## V.

Defendant specially objects and excepts to Paragraph 20. of Plaintiffs' Original Petition wherein Plaintiffs allege:

"Mental anguish in the past"

"Mental anguish . . . in the future"

Rule 56 of the TEXAS RULES OF CIVIL PROCEDURE requires that when an item of special damages is claimed, it shall be specifically stated. Therefore, Plaintiffs should be required to plead facts sufficient to put Defendant on notice of what mental anguish Plaintiffs are claiming, including the kind, character, nature and extent of such claims. Further, Plaintiffs should be required to state what mental anguish the Plaintiffs anticipate suffering in the future. Should Plaintiffs fail and/or refuse to so amend their Petition, the above-referenced allegations should be automatically stricken in their entirety and all relief supported by the same automatically denied.

**VI.**

Defendant specially objects and excepts to Paragraph 20. of Plaintiffs' Original Petition wherein Plaintiffs allege:

"Loss of wages in the past"

"Loss of earning capacity . . . in the future"

Rule 56 of the TEXAS RULES OF CIVIL PROCEDURE requires that when an item of special damages is claimed, it shall be specifically stated. Therefore, Plaintiffs should be required to state the amount of earnings which they allegedly lost as a result of the incident made the basis of this suit. Further, Plaintiffs should be required to state the amount of earning capacity they anticipate they will lose in the future. Should Plaintiffs fail and/or refuse to so amend their Petition, the above-referenced allegations should be automatically stricken in their entirety and all relief supported by the same automatically denied.

**VII.**

Defendant specially objects and excepts to Paragraph 20. of Plaintiffs' Original Petition wherein Plaintiffs allege:

"Property damage, diminution in value and loss of use"

Rule 56 of the TEXAS RULES OF CIVIL PROCEDURE requires that when items of special damages are claimed, they shall be specifically stated. Therefore, Plaintiffs should be required to plead their damages for each element with specificity. Should Plaintiffs fail and/or refuse to so amend their Petition, the above-referenced allegations should be automatically stricken in their entirety and all relief supported by the same automatically denied.

## AFFIRMATIVE DEFENSES

### VIII.

Defendant further specifically invokes §41.0105, Tex. Civ. Prac. & Rem. Code, which provides that recovery of medical or health care expenses incurred are limited to the amount actually paid or incurred by or on behalf of Plaintiffs.

### IX.

Defendant further alleges that Plaintiffs' claims for pre-judgment and post-judgment interest are limited by the dates and amounts set forth in Article 5069-1.05, § 6, TEXAS REVISED CIVIL STATUTES.

## GENERAL DENIAL

### X.

Defendant Richard C. Payne, denies all and singular the material allegations of fact contained in Plaintiffs' Original Petition and demands strict proof thereof by a preponderance of the evidence, pursuant to Rule 92 of the TEXAS RULE OF CIVIL PROCEDURE.

## JURY DEMAND

### XI.

Defendant respectfully demands a trial by jury with respect to any and all issues of fact.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that, upon trial hereof, Plaintiffs take nothing, that Defendant go hence without day and recover his costs, and for such other and further relief, at law or at equity, to which he may be justly entitled.

Respectfully submitted,

**THE LECRONE LAW FIRM, PC**
Wall Street Plaza
123 North Crockett Street, Suite 200
Sherman, Texas 75090
Tel:    903.813.1900
Fax:    903.813.1944

By: _____

**ADAM B. LECRONE**
State Bar No. 00786447
**JOHN W. BREEZE**
State Bar No. 00796248
**MARK A. TEAGUE**
State Bar No. 24003039
**T. RYAN JOHNSON**
State Bar No. 24063959
**HILLARY L. CLARK**
State Bar No. 24077714
**MICHAEL S. KELLY**
State Bar No. 24055767
**CLINT B. SLOAN**
State Bar No. 24093163
eservice@lecronelaw.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded on this _____ day of _____, 2015, to the following counsel:

Mr. Craig W. Thomas
**MCKEY & SANCHEZ, P.C.**
1349 Empire Central, Suite 700
Dallas, Texas 75247
Tel: 972.529.3476
Fax: 972.529.3476

_____
**ADAM B. LECRONE**

**DEFENDANT'S ORIGINAL ANSWER — Page 6**
S/01382/jmurray

# EXHIBIT "B-10"

FILED
7/10/2015 5:02:55 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY



**the LeCrone law firm, pc**
attorneys and counselors

Adam B. LeCrone* †
John W. Breeze*
Mark A. Teague*
T. Ryan Johnson*
Laura Denning LeCrone*
Hillary Luckett Clark
Michael S. Kelly
Clinton B. Sloan*

OFFICES IN SHERMAN & McKINNEY

July 10, 2015

*Licensed in the State of Texas
and the State of Oklahoma

Sherman: 903.813.1900
McKinney: 214.785.6750

Mr. John F. Warren
**DALLAS COUNTY CLERK**
Records Building, 2nd Floor
509 Main Street                    **CC-15-03015-C**
Dallas, Texas 75202-3513

Re:  *Matthew R. McCormick, Denvan Bentley, Martin R. Stewart, Spencer L. Pollard, Lee R. Spielman, and Garrett Stevenson v. Richard C. Payne, Brett C. Brayton, and Warren Transportation, LLC*

| Cause Number | : | CC-15-03015-C |
| Claim Number | : | 43-3N94-813 |
| Our File Number | : | 10001-00000 |

Dear Clerk:

In order to comply with Local Rules and to notify the Court in a timely manner, I wish to advise that I am scheduled to be out of the office on either vacation or CLE (Continuing Legal Education) training on the following dates:

**August 3 through 13, 2015;**
**September 4 through 8, 2015;**
**November 25 through December 1, 2015;**
**December 23, 2015 through January 8, 2016.**

By copy of this letter I am advising all counsel of record of my schedule and requesting that no hearings, motions, depositions or other matters be scheduled during the above-stated dates. Please return a file-marked copy of same to my office.

Thank you for your cooperation in this matter.  If you have any questions, please do not hesitate to contact me.

Very truly yours,

Adam B. LeCrone

cc:   Mr. Craig Thomas

/jmurray



† **Martindale-Hubbell®**
**Peer Review Rated**
For Ethical Standards and Legal Ability™

WALL STREET PLAZA | 123 N. CROCKETT STREET | SUITE 200 | SHERMAN, TEXAS 75090
TEL: 903.813.1900 | FAX: 903.813.1944 | WWW.LECRONELAW.COM

# EXHIBIT "B-11"

FILED
7/30/2015 11:33:03 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

**CAUSE NO. CC-15-03015-C**

| | | |
|---|---|---|
| **MATTHEW R. MCCORMICK, DENVAN BENTLEY, MARTIN R. STEWART, SPENCER L. POLLARD, LEE R. SPIELMAN, AND GARRETT STEVENSON** | § § § § § § | **IN THE COUNTY COURT** |
| **V.** | § § § § | **AT LAW NO. 3** |
| **RICHARD C. PAYNE, BRETT C. BRAYTON AND WARREN TRANSPORTATION, LLC** | § § § | **DALLAS COUNTY, TEXAS** |

## DEFENDANT RICHARD C. PAYNE'S CERTIFICATE OF WRITTEN DISCOVERY

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Richard C. Payne, Defendant in the above-entitled and numbered cause, and files this Certificate of Written Discovery directed to Plaintiffs pursuant to the TEXAS RULES OF CIVIL PROCEDURE, and states that the discovery set forth below was forwarded to the following party on the _29th_ day of _July_, 2015:

**TO:** Plaintiffs, Matthew R. McCormick, Denvan Bentley, Martin R. Stewart, Spencer L. Pollard, Lee R. Spielman, and Garrett Stevenson, by and through his attorney of record, Mr. Craig W. Thomas, **MCKEY & SANCHEZ, P.C.,** 1349 Empire Central, Suite 700, Dallas, Texas 75247.

### Discovery Served

- Defendant's First Set of Written Interrogatories to Plaintiff, Matthew R. McCormick;
- Defendant's First Set of Written Interrogatories to Plaintiff, Denvan Bentley;
- Defendant's First Set of Written Interrogatories to Plaintiff, Martin R. Stewart;
- Defendant's First Set of Written Interrogatories to Plaintiff, Spencer L. Pollard;
- Defendant's First Set of Written Interrogatories to Plaintiff, Lee R. Spielman;
- Defendant's First Set of Written Interrogatories to Plaintiff, Garrett Stevenson;
- Defendant's First Request for Admissions to Plaintiff, Matthew R. McCormick;
- Defendant's First Request for Admissions to Plaintiff, Denvan Bentley;
- Defendant's First Request for Admissions to Plaintiff, Martin R. Stewart;
- Defendant's First Request for Admissions to Plaintiff, Spencer L. Pollard;
- Defendant's First Request for Admissions to Plaintiff, Lee R. Spielman;

- Defendant's First Request for Admissions to Plaintiff, Garrett Stevenson;
- Defendant's First Request for Production of Documents to Plaintiff, Matthew R. McCormick;
- Defendant's First Request for Production of Documents to Plaintiff, Denvan Bentley;
- Defendant's First Request for Production of Documents to Plaintiff, Martin R. Stewart;
- Defendant's First Request for Production of Documents to Plaintiff, Spencer L. Pollard;
- Defendant's First Request for Production of Documents to Plaintiff, Lee R. Spielman;
- Defendant's First Request for Production of Documents to Plaintiff, Garrett Stevenson;
- Defendant's Request for Disclosure to Plaintiffs.

Respectfully submitted,

**THE LECRONE LAW FIRM, PC**
Wall Street Plaza
123 North Crockett Street, Suite 200
Sherman, Texas 75090
Tel:  903.813.1900
Fax: 903.813.1944

By: _____

**ADAM B. LECRONE**
State Bar No. 00786447
**JOHN W. BREEZE**
State Bar No. 00796248
**MARK A. TEAGUE**
State Bar No. 24003039
**T. RYAN JOHNSON**
State Bar No. 24063959
**HILLARY L. CLARK**
State Bar No. 24077714
**MICHAEL S. KELLY**
State Bar No. 24055767
**CLINT B. SLOAN**
State Bar No. 24093163
eservice@lecronelaw.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded on this the _____ 29th _____ day of _____ July _____, 2015, to the following:

Mr. Craig W. Thomas
**MCKEY & SANCHEZ, P.C.**
1349 Empire Central, Suite 700
Dallas, Texas 75247

_____
**ADAM B. LECRONE**

# EXHIBIT "B-12"

Cause No.: <u>CC-15-03015-C</u>

| | | |
|---|---|---|
| MATTHEW R MCCORMICK; DENVAN BENTLEY; SPENCER L. POLLARD; LEE R. SPIELMAN; GARRETT STEVENSON; MARTIN R STEWART, | § | IN THE COUNTY COURT |
| Plaintiff(s) | § | |
| VS | § | AT LAW NO. 3 |
| | § | |
| RICHARD C PAYNE; BRETT C BRAYTON; WARREN TRANSPORTATION, LLC; WARREN TRANSPORT, INC. | § | DALLAS COUNTY, TEXAS |
| Defendant(s) | § | |

FILED
2015 AUG -5 PM 12: 21
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY, TEXAS

## AFFIDAVIT

Before me, the undersigned authority, personally appeared CHARLES TERRY TICE who swore under oath that the following facts are true and correct.

"My name is CHARLES TERRY TICE. I am a private process server authorized by the Supreme Court of Texas. My authorization number is SCH 1230. My expiration date is 07/31/17

Documents came to my hand on the 11ᵗʰ day of July, 2015 at 5:00 p.m.

I delivered in person, a true and correct copy of the Citation with the attached Plaintiff's First Amended Petition With Attached Discovery by delivering to WARREN TRANSPORT, INC., by delivering to the Terminal Manager, JERRY MALDONADO, authorized to accept, on July 31, 2015 at 11:40 a.m., at 319 Pinto Valley Drive, Laredo, Texas 78045 in Webb County, Texas.

I am not a party to this case nor am I related to, employed by or otherwise connected to any party or any party's attorney in this case; and I have no interest in the outcome of this lawsuit. I am over the age of eighteen (18) years of age. I am of sound mind and have never been convicted of a felony or misdemeanor involving moral turpitude.

*Charles Terry Tice*
Signature

<u>CHARLES TERRY TICE, SCH 1230, 07/31/17</u>
Print Name & Authorization # & Expiration Date

On this day personally appeared CHARLES TERRY TICE known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared under oath that the statements therein contained are true and correct. Given under my hand and seal of office this 31ˢᵗ day of July, 2015.

Notary Public



RITA LOPEZ TICE
NOTARY PUBLIC
State of Texas
Comm. Exp. 03-11-2016

# EXHIBIT "B-13"

# THE STATE OF TEXAS
## CITATION
CAUSE NO. CC-15-03015-C
COUNTY COURT AT LAW NO. 3
Dallas County, Texas

FILED
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY, TEXAS

2015 AUG -5 PM 12: 21

TO:

WARREN TRANSPORT, INC.
SERVE ITS REGISTERED AGENT:KENNETH R NELSON
319 PINTO VALLEY DRIVE
LAREDO TX 78045

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S FIRST AMENDED PETITION WITH ATTACHED DISCOVERY, a default judgment may be taken against you." Your answer should be addressed to the clerk of County Court at Law No. 3 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

MATTHEW R. MCCORMICK; DENVAN BENTLEY; SPENCER L. POLLARD; LEE R. SPIELMAN; GARRETT STEVENSON; MARTIN R STEWART
*Plaintiff(s)*
VS.

RICHARD C. PAYNE; BRETT C. BRAYTON; WARREN TRANSPORTATION, LLC
*Defendant(s)*

filed in said Court on the 30th day of June, 2015a copy of which accompanies this citation.

WITNESS: JOHN F. WARREN, Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 1st day of July, 2015 A.D.

JOHN F. WARREN, Dallas County Clerk

By _Guisla Hernandez_, Deputy
Guisla Hernandez



---

### ATTORNEY
### CITATION
**PLAINTIFF'S FIRST AMENDED PETITION WITH ATTACHED DISCOVERY**

**CC-15-03015-C**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 3
Dallas County, Texas

MATTHEW R. MCCORMICK; DENVAN BENTLEY; SPENCER L. POLLARD; LEE R. SPIELMAN; GARRETT STEVENSON; MARTIN R STEWART, *Plaintiff(s)*

VS.

RICHARD C. PAYNE; BRETT C. BRAYTON; WARREN TRANSPORTATION, LLC; WARREN TRANSPORT, INC., *Defendant(s)*

SERVE:
WARREN TRANSPORT, INC.
SERVE ITS REGISTERED AGENT
KENNETH R NELSON
319 PINTO VALLEY DRIVE
LAREDO TX 78045

ISSUED THIS
1st day of July, 2015

John F. Warren, County Clerk
By: Guisla Hernandez, Deputy

Attorney for Plaintiff
CRAIG W THOMAS
MCKEY & SANCHEZ PC
1349 EMPIRE CENTRAL DRIVE
SUITE 700
DALLAS TX 75247
972-529-3476

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

## OFFICER'S RETURN

CC-15-03015-C County Court at Law No. 3

MATTHEW R. MCCORMICK, DENVAN BENTLEY, SPENCER L. POLLARD.et al vs. RICHARD C. PAYNE, BRETT C. BRAYTON, WARREN TRANSPORTATION, LLC

**ADDRESS FOR SERVICE:**
SERVE ITS REGISTERED AGENT KENNETH R NELSON
319 PINTO VALLEY DRIVE
LAREDO TX 78045

**Fees:**
Came to hand on the _11th_ day of _July_ , 20 _15_ , at _5:00_ o'clock _P_ .m., and executed in _Webb_ County, Texas by delivering to WARREN TRANSPORT, INC. in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S FIRST AMENDED PETITION WITH ATTACHED DISCOVERY Petition with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| Warren Transport Inc. by delivering to Terminal Manager Jerry Maldonado, authorized to accept | 7-31-15 at 11:40 AM | 319 Pinto Valley Drive, Laredo, Texas 78045 |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

Serving Petition and Copy $ _____    _Charles Terry Tice_ , Officer

Total  $ _____    _____ _Webb_ , County, Texas

By: _Authorized Person_ , ~~Deputy~~

_SCH 1290, Expires: 7-31-17_ , Affiant
_Charles Terry Tice_

# EXHIBIT "B-14"

FILED
8/6/2015 3:06:23 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:15-cv-02729-M   Document 1-2   Filed 08/20/15   Page 73 of 106   PageID 86

## CAUSE NO. CC-15-03015-C

| | | |
|---|---|---|
| MATTHEW R. MCCORMICK, | § | IN THE COUNTY COURT |
| DENVAN BENTLEY, | § | |
| MARTIN R. STEWART | § | |
| SPENCER L. POLLARD | § | |
| LEE R. SPIELMAN, AND | § | |
| GARRETT STEVENSON, | § | |
|    Plaintiffs, | § | |
| | § | |
| VS. | § | AT LAW NO. 3 |
| | § | |
| RICHARD C. PAYNE, BRETT C. | § | |
| BRAYTON AND WARREN | § | |
| TRANSPORTATION, LLC., | § | |
| WARREN TRANSPORT, INC. | § | DALLAS COUNTY, TEXAS |
|    Defendants. | | |

### DEFENDANTS WARREN TRANSPORT, INC.'S AND BRETT C. BRAYTON'S ORIGINAL ANSWER TO PLAINTIFFS' FIRST AMENDED PETITION SUBJECT TO DEFENDANT'S MOTION TO TRANSFER VENUE

**TO THE HONORABLE JUDGE OF SAID COURT:**

     **COMES NOW,** Defendants WARREN TRANSPORT, INC., (incorrectly identified as Warren Transportation, LLC) and BRETT C. BRAYTON, Defendants in the above-referenced cause, and files this their Motion to Transfer Venue, respectfully requesting that the Court transfer venue of Plaintiffs' First Amended Petition in Dallas County, Texas – which is an improper venue for their lawsuit – to Collin County, Texas.  Subject to its Motion to Transfer Venue, Defendant files its Original Answer to Plaintiffs' First Amended Petition.

### I.    MOTION TO TRANSFER VENUE

     Defendants file this their Motion to Transfer Venue pursuant to Rule 86 of the Texas Rules of Civil Procedure subject to any other pleading in this matter and files its Original

DEFENDANTS WARREN TRANSPORT, INC.'S AND BRETT C. BRAYTON'S
ORIGINAL ANSWER TO PLAINTIFFS' FIRST AMENDED PETITION SUBJECT
TO DEFENDANT'S MOTION TO TRANSFER VENUE         Page 1

1915669
0185/00624

Answer Subject to such Motion to Transfer Venue.

Defendants assert that venue in this matter should be transferred to Collin County, Texas, on the basis of Chapter 15.002(a)(1) of the Texas Civil Practice and Remedies Code. Defendants object to venue in Dallas County, Texas, the county in which this action was instituted, on the grounds that Dallas County is not a proper county of venue for Plaintiffs.  No basis exists mandating or permitting venue in Dallas County, Texas.

Under the general venue statute a lawsuit shall be brought in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.  *See* TEX. CIV. PRAC. & REM. CODE ANN. §15.002(a)(1).  When a lawsuit involves multiple plaintiffs, each plaintiff must independently establish that venue is proper.  TEX. CIV. PRAC. & REM. CODE ANN. §15.003. When a plaintiff fails to establish that venue is proper, all of the plaintiff's claims and causes of action must be either transferred to a county of proper venue or dismissed.  *Id.*; *see also Wilson v. Tex. Parks & Wildlife Dep't*, 886 S.W.2d 259, 260 (Tex. 1994) (holding that when a plaintiff files suit in a county where venue is not proper, the plaintiff waives the right to choose the venue, and the trial court must transfer the suit to a county of proper venue).

Plaintiffs contend that venue is proper in Dallas County for their action(s) "under Section 15.001(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in [that] county."[1]  Plaintiffs have not plead any other venue facts to establish or even attempt to establish venue under any other statute.[2]

---

[1] *See* Plaintiffs' First Amended Petition at pg. 3.
[2] *Id.*

**DEFENDANTS WARREN TRANSPORT, INC.'S AND BRETT C. BRAYTON'S ORIGINAL ANSWER TO PLAINTIFFS' FIRST AMENDED PETITION SUBJECT TO DEFENDANT'S MOTION TO TRANSFER VENUE** Page 2

1915669
0185/00624

Defendants specifically deny Plaintiffs' allegation of venue facts supporting venue in Dallas County, Texas. Defendants also specifically deny that all or a substantial part of the events or omissions giving rise to this claim occurred in Dallas County. TEX. CIV. PRAC. & REM. CODE ANN. §15.002(a)(1). Rather, all or a substantial part of the events or omissions giving rise to this claim occurred in Collin County as the accident giving rise to Plaintiffs' claims occurred in McKinney, Texas, a venue fact **admitted** in Plaintiffs' First Amended Petition.[3] (emphasis added). As further evidence that all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Collin County, attached hereto and incorporated by reference is **Exhibit "1"**, the certified Texas Peace Officer's Crash Report for the accident made the basis of Plaintiffs' claims. Clearly, accident made the basis of Plaintiffs' claims occurred in McKinney, Texas which is in Collin County, Texas. *See* **Exhibit "1"**.

As such, venue is **not** proper in Dallas County under section 15.002(a)(1), and instead, venue is proper in Collin County, where all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred.[4] *Id.* at § 15.002(a)(1). (emphasis added). Therefore, Plaintiffs' First Amended Petition should be transferred to Collin County, Texas.

In conclusion, Defendants specifically deny that the causes of action as alleged in Plaintiffs' First Amended Petition should be maintained in Dallas County, Texas. Therefore, pursuant to section 15.002(a)(1) of the Texas Civil Practice and Remedies Code, venue is proper in Collin County, not Dallas County. As such, Plaintiffs' causes of action should be transferred to Collin County, Texas, the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

---

[3] *Id.* at pg. 4.
[4] *Id.*.

DEFENDANTS WARREN TRANSPORT, INC.'S AND BRETT C. BRAYTON'S
ORIGINAL ANSWER TO PLAINTIFFS' FIRST AMENDED PETITION SUBJECT
TO DEFENDANT'S MOTION TO TRANSFER VENUE                                    Page 3

## ANSWER SUBJECT TO MOTION TO TRANSFER VENUE

### II.      GENERAL DENIAL

Subject to its Motion to Transfer Venue, Defendants deny each and every, all and singular, the allegations contained in Plaintiffs' First Amended Petition and demand strict proof thereof as authorized by Texas Rule of Civil Procedure 92.

**WHEREFORE, PREMISES CONSIDERED**, Defendants pray that their Motion to Transfer Venue be granted and that Plaintiffs' First Amended Petition be transferred from Dallas County, Texas to Collin County, Texas, and that upon final hearing and/or trial of this cause, Plaintiffs recover nothing by way of their suit against these Defendants, that these Defendants recover all costs, and for such other and further relief to which these Defendants may show themselves to be justly entitled, both at law and in equity.

Respectfully submitted,

**SARGENT LAW, P.C.**

By:_____

    **DAVID L. SARGENT**
    State Bar No. 17648700
    david.sargent@sargentlawtx.com
    **BRENT W. CHANDLER**
    State Bar No. 24055291
    brent.chandler@sargentlawtx.com

901 Main Street, Suite 5200
Dallas, Texas 75202
(214) 749-6516 (direct – David Sargent)
(214) 749-6316 (fax – David Sargent)
(214) 749-6510 (direct – Brent Chandler)
(214) 749-6310 (fax – Brent Chandler)

**ATTORNEYS FOR DEFENDANTS
BRETT COLBY BRAYTON AND
WARREN TRANSPORT, INC.**

**DEFENDANTS WARREN TRANSPORT, INC.'S AND BRETT C. BRAYTON'S
ORIGINAL ANSWER TO PLAINTIFFS' FIRST AMENDED PETITION SUBJECT
TO DEFENDANT'S MOTION TO TRANSFER VENUE**          Page 5

1915669
0185/00624

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of August, 2015, a true and correct copy of the above and foregoing instrument was forwarded to the following counsel via certified mail return receipt requested:

Craig W. Thomas
Jeremy W. McKey
McKey & Sanchez, P.C.
1349 Empire Central, Suite 700
Dallas, Texas 75247

**ATTORNEYS FOR PLAINTIFFS**

ADAM B. LECRONE
JOHN W. BREEZE
MARK A. TEAGUE
T. RYAN JOHNSON
HILLARY L. CLARK
MICHAEL S. KELLY
CLINT B. SLOAN
The Lecrone Law Firm, PC
Wall Street Plaza
123 North Crockett Street, Suite 200
Sherman, Texas 75090

**ATTORNEYS FOR DEFENDANT RICHARD PAYNE**

Mr. J.B. Peacock, Jr.
Mr. David M. Vereeke
Gagnon, Peacock & Vereeke
4245 N. Central Expressway
Suite 250, LB 104
Dallas, Texas 75205

**ATTORNEY FOR CROSS-PLAINTIFF RICHARD PAYNE**


_____
**BRENT W. CHANDLER**

# EXHIBIT "B-14a"

# EXHIBIT 1



# Texas Department of Transportation

125 EAST 11TH STREET | AUSTIN, TEXAS 78701-2483 | (512) 463-8700 | WWW.TXDOT.GOV

Wed, 03 Jun 2015

STATE OF TEXAS          §

This is to certify that I, Debra Vermillion, am employed by the Texas Department of Transportation (Department); that I am the Custodian of Motor Vehicle Crash Records for such Department; that the attached is a true and correct copy of the peace officer's report filed with the Department referred to in the attached request with the crash date of ___Wed, 11 Dec 2013___ , which occurred in ___Collin_____ County; that the investigations of motor vehicle crashes by peace officers are authorized by law; that this Texas Peace Officer's Crash Report is required by law to be completed and filed with this Department; that this report sets forth matters observed pursuant to duty imposed by law as to which matters there was a duty to report, or factual findings resulting from an investigation made pursuant to authority granted by law.



Debra Vermillion, Director
Crash Data and Analysis Section
P. O. Box 149349
Austin, Texas 78714
(512) 486-5780

OUR GOALS
MAINTAIN A SAFE SYSTEM ▪ ADDRESS CONGESTION ▪ CONNECT TEXAS COMMUNITIES ▪ BEST IN CLASS STATE AGENCY
*An Equal Opportunity Employer*

Law Enforcement and TxDOT Use ONLY

☐ FATAL ☐ CMV ☐ SCHOOL BUS ☐ RAILROAD ☐ MAB ☐ SUPPLEMENT ☐ ACTIVE SCHOOL ZONE

| Total Num. Units | **0 0 6** | Total Num. Prsns. | **0 1 1** | TxDOT Crash ID | 13913914.1 /2013306607 |

**Texas Peace Officer's Crash Report (Form CR-3 1/1/2010)**
Mail to: Texas Department of Transportation, Crash Records, P.O. Box 149349, Austin, TX 78714. Questions? Call (512) 486-5780
Refer to Attached Code Sheet for Numbered Fields
✱=These fields are required on all additional sheets submitted for this crash (ex.: additional vehicles, occupants, injured, etc.)

Page **1** of **9**

---

**IDENTIFICATION & LOCATION**

| ✱ Crash Date (MM/DD/YYYY) | **1 2 / 1 1 / 2 0 1 3** | ✱ Crash Time (24HRMM) | **1 7 3 5** | Case ID | **13-010757** | Local Use | |

| ✱ County Name | **COLLIN** | ✱ City Name | **MCKINNEY** | | ☐ Outside City Limit |

In your opinion, did this crash result in at least $1,000 damage to any one person's property? ☑ Yes ☐ No | Latitude (decimal degrees) | Longitude (decimal degrees) |

**ROAD ON WHICH CRASH OCCURRED**

| ✱1 Rdwy. Sys. | **US** | ✱1 Hwy. Num. | **75** | 2 Rdwy Part | **1** | Block Num. | **1800-BL** | 3 Street Prefix | **N** | ✱ Street Name | **75** | 4 Street Suffix |

☐ Crash Occurred on a Private Drive or Road/Private Property/Parking Lot | ☐ Toll Road/ Toll Lane | Speed Limit **65** | Const. Zone ☐ Yes ☑ No | Workers Present ☐ Yes ☑ No | Street Desc.

**INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER**

| At Int. | ☐ Yes ☑ No | 1 Rdwy. Sys. | **LR** | Hwy. Num. | | 2 Rdwy Part | **1** | Block Num. | **2000** | 3 Street Prefix | **W** | Street Name | **UNIVERSITY** | 4 Street Suffix | **DR** |

| Distance from Int. or Ref. Marker | **1000** | ☐ FT ☐ MI | 3 Dir. from Int. or Ref. Marker | **N** | Reference Marker | Street Desc. | | RRX Num. |

---

**VEHICLE, DRIVER & PERSONS**

| Unit Num. | **1** | 5 Unit Desc. | **1** | ☐ Parked Vehicle | ☐ Hit and Run | LP State | **IA** | LP Num. | **PZ9486** | VIN | **1 F U J A 6 C K 1 5 1 N 4 5 6 4 2** |

| Veh. Year | **2 0 0 5** | 6 Veh. Color | **BLU** | Veh. Make | **FREIGHTLINER** | Veh. Model | **CONV C** | 7 Body Style | **TT** | ☐ Pol., Fire, EMS on Emergency (Explain in Narrative if checked) |

| 8 DL/ID Type | **2** | DL/ID State | **IA** | DL/ID Num. | | 9 DL Class | **98** | 10 CDL End. | **x** | 11 DL Rest. | **98** | DOB (MM/DD/YYYY) | |

Address (Street, City, State, ZIP) **917 S KENNEDY AVE 14, MADRID, IA 50156**

| Person Num. | 12 Prsn. Type | 13 Ejct. Position | 13 Seat Position | Name: Last, First, Middle — Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Ejct. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 24 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | | BRAYTON, BRETT, COLBY | N | 49 | W | 1 | 1 | 1 | 1 | 1 | N | 96 | | 96 | 97 | 97 |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

| ☑ Owner ☐ Lessee | Owner/Lessee Name & Address | **BRAYTON, BRETT, COLBY** **917 S KENNEDY AVE 14, MADRID, IA 50156** |

| Proof of Fin. Resp. | ☑ Yes ☐ No | ☐ Expired ☐ Exempt | 26 Fin. Resp. Type | **1** | Fin. Resp. Name **GREAT WEST** | Fin. Resp. Num. | **GWP81973D** |

| Fin. Resp. Phone Num. | **(800) 489-4724** | 27 Vehicle Damage Rating 1 | **F D 6** | 27 Vehicle Damage Rating 2 | | Vehicle Inventoried ☐ Yes ☑ No |

| Towed By | **ROPERS** | Towed To | **ROPERS 1625 N MCDONALD ST MCKINNEY TX 75** |

---

| Unit Num. | **2** | 5 Unit Desc. | **6** | ☐ Parked Vehicle | ☐ Hit and Run | LP State | **IA** | LP Num. | **TF1177** | VIN | **1 J J V 5 3 2 W 6 8 L 1 1 3 1 0 7** |

| Veh. Year | **2 0 0 8** | 6 Veh. Color | **WHI** | Veh. Make | **WABASH** | Veh. Model | **SEMI TRAILER** | 7 Body Style | **TL** | ☐ Pol., Fire, EMS on Emergency (Explain in Narrative if checked) |

| 8 DL/ID Type | | DL/ID State | | DL/ID Num. | | 9 DL Class | | 10 CDL End. | | 11 DL Rest. | | DOB (MM/DD/YYYY) | |

Address (Street, City, State, ZIP)

| Person Num. | 12 Prsn. Type | 13 Ejct. Position | 13 Seat Position | Name: Last, First, Middle — Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Ejct. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 24 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | | | |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

| ☑ Owner ☐ Lessee | Owner/Lessee Name & Address | **WARREN TRANSPORTATION** **210 BECK AVE, WATERLOO, IA  50704** |

| Proof of Fin. Resp. | ☑ Yes ☐ No | ☐ Expired ☐ Exempt | 26 Fin. Resp. Type | **1** | Fin. Resp. Name **GREAT WEST** | Fin. Resp. Num. | **GWP81973D** |

| Fin. Resp. Phone Num. | **(800) 489-4724** | 27 Vehicle Damage Rating 1 | | 27 Vehicle Damage Rating 2 | | Vehicle Inventoried ☐ Yes ☑ No |

| Towed By | **ROPERS** | Towed To | **ROPERS 1625 N MCDONALD ST MCKINNEY TX 75** |

Copy from Custodial File

Law Enforcement and TxDOT Use ONLY
Form CR-3 1/1/2010

**Case ID** 13-010757

**TxDOT Crash ID**

Page 2 of 9

## DISPOSITION OF INJURED/KILLED

| Unit Num. | Prsn. Num. | Taken To | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HRMM) |
|---|---|---|---|---|---|
| 3 | 1 | MEDICAL CENTER MCKINNEY | MCKINNEY EMS | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |

## CHARGES

| Unit Num. | Prsn. Num. | Charge | Citation/Reference Num. |
|---|---|---|---|
| | | | |
| | | | |

## DAMAGE

| Damaged Property Other Than Vehicles | Owner's Name | Owner's Address |
|---|---|---|
| | | |

## CMV

| Unit Num. 1 | ☒ 10,001+ LBS. ☐ TRANSPORTING HAZARDOUS MATERIAL | ☐ 9+ CAPACITY | 28 Veh. Oper. 1 | 29 Carrier ID Type 1 | Carrier ID Num. 001896 |
|---|---|---|---|---|---|

Carrier's Corp. Name **WARREN TRANSPORTATION**    Carrier's Primary Addr. **210 BECK AVE, WATERLOO        IA 50704**

| 30 Rdwy. Access 2 | 31 Veh. Type 9 | ☐ RGVW ☒ GVWR 8 0 0 0 0 | HazMat Released ☐ Yes ☒ No | 32 HazMat Class Num. | HazMat ID Num. | 32 HazMat Class Num. | HazMat ID Num. |
|---|---|---|---|---|---|---|---|

| 33 Cargo Body Style 98 | Trailer 1 Unit Num. 2 | ☐ RGVW ☐ GVWR 0 | 34 Trlr. Type | Trailer 2 Unit Num. | ☐ RGVW ☐ GVWR | 34 Trlr. Type |
|---|---|---|---|---|---|---|

| Sequence Of Events | 35 Seq. 1 13 | 35 Seq. 2 13 | 35 Seq. 3 13 | 35 Seq. 4 1 | Total Num. Axles 3 | Total Num. Tires 10 |
|---|---|---|---|---|---|---|

## FACTORS & CONDITIONS

| | 36 Contributing Factors (Investigator's Opinion) | | 37 Vehicle Defects (Investigator's Opinion) | | Environmental and Roadway Conditions | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Unit Num. | Contributing | May Have Contrib. | Contributing | May Have Contrib. | 38 Weather Cond. | 39 Light Cond. | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control |
| 1 | 22 | | | | | | | | | | |
| 2 | | | | | 1 | 6 | 97 | 3 | 2 | 1 | 11 |

## NARRATIVE & DIAGRAM

Investigator's Narrative Opinion of What Happened (Attach Additional Sheets If Necessary)

Commercial Motor Vehicle Unit 1, with Unit 2 in tow, was traveling South bound in the 1800 block of US 75. Driver of Unit 1 reported that traffic in front of him was stopped or stopping but that he did not see any brake lights. Driver of Unit 1 reported that he braked from an estimated 60 mph to an estimated 45 mph at point of collision.

As a result, Unit 1 front struck the rear of Unit 3 causing Unit 3 to spin counter clock-wise placing the left side of Unit 3 across the front of Unit 1. As a result Unit 3 was pushed into the rear of Unit 4. Unit 4 was apparently pushed into the right side of Unit 5. Unit 1 momentum continued striking the left rear quarter of Unit 6.

Drivers/occupants of Units 3-6 were unable to
                                          * * Continued * *

Field Diagram - Not to Scale

Indicate North

## INVESTIGATOR

| Time Notified (24HRMM) 1 7 3 7 | How Notified ON VIEW | Time Arrived (24HRMM) 1 7 3 7 | Report Date (MM/DD/YYYY) 1 2 / 1 1 / 2 0 1 3 |
|---|---|---|---|

| Invest. Comp. ☒ Yes ☐ No | Investigator Name (Printed) RAY, TRAVIS M. | | ID Num. 11853 |
|---|---|---|---|

| ORI Num. T X 0 4 3 0 5 0 0 | *Agency MCKINNEY POLICE DEPARTMENT | District/ Area A 5 |
|---|---|---|

Copy from Custodial File

Law Enforcement and TxDOT Use ONLY
☐ FATAL ☑ CMV ☐ SCHOOL BUS ☐ RAILROAD ☐ MAB ☐ SUPPLEMENT ☐ ACTIVE SCHOOL ZONE

| Total Num. Units | 0 0 6 | Total Num. Prsns. | 0 1 1 | TxDOT Crash ID |
|---|---|---|---|---|

**Texas Peace Officer's Crash Report (Form CR-3 1/1/2010)**
Mail to: Texas Department of Transportation, Crash Records, P.O. Box 149349, Austin, TX 78714. Questions? Call (512) 486-5780
Refer to Attached Code Sheet for Numbered Fields
✶ = These fields are required on all additional sheets submitted for this crash (ex.: additional vehicles, occupants, injured, etc.)

Page **3** of **9**

**LOCATION & IDENTIFICATION**

| ✶Crash Date (MM/DD/YYYY) | 1 2 / 1 1 / 2 0 1 3 | ✶Crash Time (24HRMM) | 1 7 3 5 | Case ID | 13-010757 | Local Use |
|---|---|---|---|---|---|---|

| ✶County Name | COLLIN | ✶City Name | MCKINNEY | ☐ Outside City Limit |
|---|---|---|---|---|

In your opinion, did this crash result in at least $1,000 damage to any one person's property? ☑ Yes ☐ No
Latitude (decimal degrees) ___
Longitude (decimal degrees) ___

**ROAD ON WHICH CRASH OCCURRED**

| ✶1 Rdwy. Sys. | US | ✶2 Hwy. Num. | 75 | 2 Rdwy Part | 1 | Block Num. | 1800-BL | 3 Street Prefix | N | ✶Street Name | 75 | 4 Street Suffix |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

☐ Crash Occurred on a Private Drive or Road/Private Property/Parking Lot
Toll Road/ Toll Lane ☐ Yes ☐ No
Speed Limit 65
Const. Zone ☐ Yes ☑ No
Workers Present ☑ No
Street Desc.

*INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER*

| At Int. | ☐ Yes ☑ No | 1 Rdwy. Sys. | LR | Hwy. Num. | | 2 Rdwy Part | 1 | Block Num. | 2000 | 3 Street Prefix | W | Street Name | UNIVERSITY | 4 Street Suffix | DR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| Distance from Int. or Ref. Marker | 1000 | ☑ FT ☐ MI | 3 Dir. from Int. or Ref. Marker | Reference Marker | Street Desc. | RRX Num. | |
|---|---|---|---|---|---|---|---|

**VEHICLE, DRIVER, & PERSONS**

| Unit Num. | 3 | 5 Unit Desc. | 1 | ☐ Parked Vehicle | ☐ Hit and Run | LP State | TX | LP Num. | 8776AY | VIN | 5 T F E M 5 F 1 7 A X 0 0 1 8 7 3 |
|---|---|---|---|---|---|---|---|---|---|---|---|

| Veh. Year | 2 0 1 0 | 6 Veh. Color | BLK | Veh. Make | TOYOTA | Veh. Model | TUNDRA | 7 Body Style | PK | Pol., Fire, EMS on Emergency (Explain in Narrative if checked) |
|---|---|---|---|---|---|---|---|---|---|

| 8 DL/ID Type | 1 | DL/ID State | TX | DL/ID Num. | | 9 DL Class | C | 10 CDL | 96 | 11 DL Rest. | 96 | DOB (MM/DD/YYYY) | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

Address (Street, City, State, ZIP) **6602 MARQUETT CT, ROWLETT, TX 75089**

| Person Num. | Unit Num. | 12 Prsn Type | 13 Seat Position | Name: Last, First, Middle — Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | PAYNE, RICHARD, CARVEL | | B | 48 | W | 1 | 1 | 5 | 1 | | N | 4 | | | 96 | 97 | 97 |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

☑ Owner ☐ Lessee
Owner/Lessee Name & Address **PAYNE, RICHARD, CARVEL**
**6602 MARQUETT CT, ROWLETT, TX 75089**

| Proof of Fin. Resp. | ☑ Yes ☐ No | ☐ Expired ☐ Exempt | 26 Fin. Resp. Type | 1 | Fin. Resp. Name | STATE FARM | Fin. Resp. Num. | 007 0603 K28 43P 002 |
|---|---|---|---|---|---|---|---|---|

| Fin. Resp. Phone Num. | (800) 782-8332 | 27 Vehicle Damage Rating 1 | ___ - B D - 7 | 27 Vehicle Damage Rating 2 | ___ - L D - 7 | Vehicle Inventoried | ☐ Yes ☑ No |
|---|---|---|---|---|---|---|---|

| Towed By | BIG BASS | Towed To | BIG BASS 201 MAIN ST MCKINNEY TX 75069 |
|---|---|---|---|

| Unit Num. | 4 | 5 Unit Desc. | 1 | ☐ Parked Vehicle | ☐ Hit and Run | LP State | CA | LP Num. | 8Z76822 | VIN | 1 F B S S 3 1 L B 7 D B 3 1 6 1 7 |
|---|---|---|---|---|---|---|---|---|---|---|---|

| Veh. Year | 2 0 0 7 | 6 Veh. Color | GRY | Veh. Make | FORD | Veh. Model | E250 | 7 Body Style | VN | Pol., Fire, EMS on Emergency (Explain in Narrative if checked) |
|---|---|---|---|---|---|---|---|---|---|

| 8 DL/ID Type | 1 | DL/ID State | CA | DL/ID Num. | | 9 DL Class | 98 | 10 CDL End. | 98 | 11 DL Rest. | 98 | DOB (MM/DD/YYYY) | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

Address (Street, City, State, ZIP) **20 FAIRVIEW AVE, CORTE MADERA, CA 94925**

| Person Num. | Unit Num. | 12 Prsn Type | 13 Seat Position | Name: Last, First, Middle — Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | MCCORMICK, MATTHEW, REILLY | | N | 26 | W | 1 | 1 | 1 | 1 | | N | 96 | | | 96 | 97 | 97 |
| 2 | 2 | 3 | SPIELMAN, LEE, ROY | | N | 25 | W | 1 | 1 | 1 | 1 | | N | | | | | | |
| 3 | 2 | 6 | BENTLEY, DEVAN | | N | 26 | W | 1 | 1 | 1 | 1 | | N | | | | | | |
| 4 | 2 | 4 | STEWART, MARTIN, ROBERTO | | N | 32 | B | 1 | 1 | 1 | 1 | | N | | | | | | |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

☐ Owner ☑ Lessee
Owner/Lessee Name & Address **STEVENSON, GARRETT, WAYNE**
**119 W 36TH PL 102, LOS ANGLES, CA 90007**

| Proof of Fin. Resp. | ☑ Yes ☐ No | ☐ Expired ☐ Exempt | 26 Fin. Resp. Type | 1 | Fin. Resp. Name | GEICO | Fin. Resp. Num. | 4248811285 |
|---|---|---|---|---|---|---|---|---|

| Fin. Resp. Phone Num. | (800) 841-3000 | 27 Vehicle Damage Rating 1 | ___ - B D - 4 | 27 Vehicle Damage Rating 2 | ___ - L F Q - 2 | Vehicle Inventoried | ☐ Yes ☑ No |
|---|---|---|---|---|---|---|---|

| Towed By | DRIVER | Towed To | DRIVEN AWAY BY DRIVER |
|---|---|---|---|

Copy from Custodial File

Law Enforcement and TxDOT Use ONLY
Form CR-3 1/1/2010

Case ID **13-010757**

TxDOT Crash ID

Page **4** of **9**

## DISPOSITION OF INJURED/KILLED

| Unit Num. | Prsn. Num. | Taken To | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HRMM) |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

## CHARGES

| Unit Num. | Prsn. Num. | Charge | Citation/Reference Num. |
|---|---|---|---|
| | | | |
| | | | |

## DAMAGE

| Damaged Property Other Than Vehicles | Owner's Name | Owner's Address |
|---|---|---|
| | | |

## CMV

Unit Num. ☐ 10,001+ LBS. ☐ TRANSPORTING HAZARDOUS MATERIAL ☐ 9+ CAPACITY

28 Veh. Oper.

29 Carrier ID Type

Carrier ID Num.

Carrier's Corp. Name

Carrier's Primary Addr.

30 Rdwy. Access

31 Veh. Type ☐ RGVW ☐ GVWR

HazMat Released ☐ Yes ☐ No

32 HazMat Class Num.

HazMat ID Num.

32 HazMat Class Num.

HazMat ID Num.

33 Cargo Body Style

Trailer 1 Unit Num. ☐ RGVW ☐ GVWR

34 Trlr. Type

Trailer 2 Unit Num. ☐ RGVW ☐ GVWR

34 Trlr. Type

Sequence Of Events

35 Seq. 1

35 Seq. 2

35 Seq. 3

35 Seq. 4

Total Num. Axles

Total Num. Tires

## FACTORS & CONDITIONS

| | 36 Contributing Factors (Investigator's Opinion) | | 37 Vehicle Defects (Investigator's Opinion) | | Environmental and Roadway Conditions | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Unit Num. | Contributing | May Have Contrib. | Contributing | May Have Contrib. | 38 Weather Cond. | 39 Light Cond. | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control |
| 3 | | | | | | | | | | | |
| 4 | | | | | 1 | 6 | 97 | 3 | 2 | 1 | 11 |

## NARRATIVE & DIAGRAM

Investigator's Narrative Opinion of What Happened
(Attach Additional Sheets If Necessary)

Indicate North

Field Diagram - Not to Scale

\* \* Continued \* \*

## INVESTIGATOR

Time Notified (24HRMM) **1 7 3 7**

How Notified **ON VIEW**

Time Arrived (24HRMM) **1 7 3 7**

Report Date (MM/DD/YYYY) **1 2 1 1 2 0 1 3**

Invest. Comp. ☑ Yes ☐ No

Investigator Name (Printed) **RAY, TRAVIS M.**

ID Num. **11853**

ORI Num. **T X 0 4 3 0 5 0 0**

\*Agency **MCKINNEY POLICE DEPARTMENT**

District/ Area **A 5**

Copy from Custodial File

Law Enforcement and TxDOT Use ONLY

☐ FATAL ☐ CMV ☐ SCHOOL BUS ☐ RAILROAD ☐ MAB ☐ SUPPLEMENT ☐ ACTIVE SCHOOL ZONE

| Total Num. Units | 0 0 6 | Total Num. Units | 0 1 1 | TxDOT Crash ID |

**Texas Peace Officer's Crash Report (Form CR-3 1/1/2010)**
Mail to: Texas Department of Transportation, Crash Records, P.O. Box 149349, Austin, TX 78714. Questions? Call (512) 486-5780
Refer to Attached Code Sheet for Numbered Fields
✱ =These fields are required on all additional sheets submitted for this crash (ex.: additional vehicles, occupants, injured, etc.)

Page **5** of **9**

Texas Department of Transportation

| ✱Crash Date (MM/DD/YYYY) 1 2 / 1 1 / 2 0 1 3 | ✱Crash Time (24HRMM) 1 7 3 5 | Case ID 13-010757 | Local Use |

| ✱County Name COLLIN | ✱City Name MCKINNEY | | ☐ Outside City Limit |

In your opinion, did this crash result in at least $1,000 damage to any one person's property? ☒ Yes ☐ No | Latitude (decimal degrees) | Longitude (decimal degrees)

**ROAD ON WHICH CRASH OCCURRED**

| ✱ Rdwy. Sys. US | 2 Rdwy Num. 75 | 2 Rdwy Part 1 | Block Num. 1800-BL | 3 Street Prefix N | ✱Street Name 75 | 4 Street Suffix |

☐ Crash Occurred on a Private Drive or Road/Private Property/Parking Lot | ☐ Toll Road/ Toll Lane | Speed Limit 65 | Const. Zone ☐ Yes ☒ No | Workers Present ☐ Yes ☒ No | Street Desc.

**INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER**

| At Int. ☐ Yes ☒ No | 1 Rdwy. Sys. LR | Hwy. Num. | 2 Rdwy Part 1 | Block Num. 2000 | 3 Street Prefix W | Street Name UNIVERSITY | 4 Street Suffix DR |

| Distance from Int. or Ref. Marker 1000 | ☒FT ☐MI | 3 Dir. from Int. or Ref. Marker N | Reference Marker | Street Desc. | RRX Num. |

| Unit Num. 5 | 5 Unit Desc. 1 | ☐ Parked Vehicle | ☐ Hit and Run | LP State TX | LP Num. BYG7173 | VIN 5 J 6 R E 3 H 5 5 A 1 0 0 4 8 2 5 |

| Veh. Year 2 0 1 0 | 6 Veh. Color BLU | Veh. Make HONDA | Veh. Model CR-V | 7 Body Style SV | ☐ Pol., Fire, EMS on Emergency (Explain in Narrative if checked) |

| 8 DL/ID Type 1 | DL/ID State TX | DL/ID Num. | 9 DL Class C | 10 CDL End. 96 | 11 DL Rest. 96 | DOB (MM/DD/YYYY) |

Address (Street, City, State, ZIP) **119 HARMON CIRCLE, BLUE RIDGE, TX 75424**

| Person Num. | 12 Prsn Type | 13 Seat Position | Name: Last, First, Middle Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | 23 Alc. Result | 24 Drug Spec. | 25 Drug Result | 26 Drug Categor |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | CHAFFIN, ADRIANNE, LEIGH | N | 33 | W | 2 | 1 | 1 | 1 | 1 | N | 96 | | 96 | 97 | 97 |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

| ☐ Owner ☐ Lessee | Owner/Lessee Name & Address **CHAFFIN, ADRIANNE, LEIGH** **119 HARMON CIRCLE, BLUE RIDGE, TX 75424** |

| Proof of Fin. Resp. ☒Yes ☐No | ☐Expired ☐Exempt | 26 Fin. Resp. Type 1 | Fin. Resp. Name FARMERS | Fin. Resp. Num. 45098355 |

| Fin. Resp. Phone Num. (800) 225-0011 | 27 Vehicle Damage Rating 1 | _ _ _ - R D - 2 | 27 Vehicle Damage Rating 2 | _ _ _ - _ _ _ | Vehicle Inventoried ☐Yes ☒No |

| Towed By DRIVER | Towed To DRIVEN AWAY BY DRIVER |

| Unit Num. 6 | 5 Unit Desc. 1 | ☐ Parked Vehicle | ☐ Hit and Run | LP State TX | LP Num. Y1M354 | VIN 2 G C E C 1 9 T 2 Y 1 1 9 8 9 7 0 |

| Veh. Year 2 0 0 0 | 6 Veh. Color GLD | Veh. Make CHEVROLET | Veh. Model SILVERADO | 7 Body Style PK | ☐ Pol., Fire, EMS on Emergency (Explain in Narrative if checked) |

| 8 DL/ID Type 1 | DL/ID State TX | DL/ID Num. | 9 DL Class C | 10 CDL End. 96 | 11 DL Rest. A | DOB (MM/DD/YYYY) |

Address (Street, City, State, ZIP) **3840 HELEN DR, DENISON, TX 75020**

| Person Num. | 12 Prsn Type | 13 Seat Position | Name: Last, First, Middle Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | 23 Alc. Result | 24 Drug Spec. | 25 Drug Result | 26 Drug Categor |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | COLLINS, EDWARD, STEVE | N | 64 | W | 1 | 1 | 1 | 1 | 1 | N | 96 | | 96 | 97 | 97 |
| 2 | 2 | 3 | COLLINS, JACQUELYN, VICTORI | N | 59 | W | 2 | 1 | 1 | 1 | 1 | N | | | | | | |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

| ☐ Owner ☐ Lessee | Owner/Lessee Name & Address **COLLINS, EDWARD, STEVE** **3840 HELEN DR, DENISON, TX 75020** |

| Proof of Fin. Resp. ☒Yes ☐No | ☐Expired ☐Exempt | 26 Fin. Resp. Type 1 | Fin. Resp. Name STATE FARM | Fin. Resp. Num. 050--313-B31-43J |

| Fin. Resp. Phone Num. (903) 583-9131 | 27 Vehicle Damage Rating 1 | _ _ _ - L B Q - 2 | 27 Vehicle Damage Rating 2 | _ _ _ - _ _ _ | Vehicle Inventoried ☐Yes ☒No |

| Towed By DRIVER | Towed To DRIVEN AWAY BY DRIVER |

Copy from Custodial File

Law Enforcement and TxDOT Use ONLY
Form CR-3 1/1/2010

| Case ID **13-010757** | | TxDOT Crash ID | | | Page 1 **6** of 1 **9** |
|---|---|---|---|---|---|

**DISPOSITION OF INJURED/KILLED**

| Unit Num. | Prsn. Num. | Taken To | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HRMM) |
|---|---|---|---|---|---|
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |
| | | | | / / | |

**CHARGES**

| Unit Num. | Prsn. Num. | Charge | Citation/Reference Num. |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

**DAMAGE**

| Damaged Property Other Than Vehicles | Owner's Name | Owner's Address |
|---|---|---|
| | | |

**CMV**

| Unit Num. | ☐ 10,001+ LBS. | ☐ TRANSPORTING HAZARDOUS MATERIAL | ☐ 9+ CAPACITY | 28 Veh. Oper. | 29 Carrier ID Type | Carrier ID Num. |
|---|---|---|---|---|---|---|

Carrier's Corp. Name | | Carrier's Primary Addr. |

| 30 Rdwy. Access | 31 Veh. Type | ☐ RGVW ☐ GVWR | HazMat Released | ☐ Yes ☐ No | 32 HazMat Class Num. | HazMat ID Num. | 32 HazMat Class Num. | HazMat ID Num. |
|---|---|---|---|---|---|---|---|---|

| 33 Cargo Body Style | Trailer 1 | Unit Num. | ☐ RGVW ☐ GVWR | 34 Trlr. Type | Trailer 2 | Unit Num. | ☐ RGVW ☐ GVWR | 34 Trlr. Type |
|---|---|---|---|---|---|---|---|---|

| Sequence Of Events | 35 Seq. 1 | 35 Seq. 2 | 35 Seq. 3 | 35 Seq. 4 | Total Num. Axles | Total Num. Tires |
|---|---|---|---|---|---|---|

**FACTORS & CONDITIONS**

| Unit Num. | 36 Contributing Factors (Investigator's Opinion) | | 37 Vehicle Defects (Investigator's Opinion) | | 38 Weather Cond. | 39 Light Cond. | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Contributing | May Have Contrib. | Contributing | May Have Contrib. | Environmental and Roadway Conditions | | | | | | |
| 5 | | | | | 1 | 6 | 97 | 3 | 2 | 1 | 11 |
| 6 | | | | | | | | | | | |

**NARRATIVE & DIAGRAM**

Investigator's Narrative Opinion of What Happened (Attach Additional Sheets if Necessary)

Indicate North

Field Diagram - Not to Scale

* * Continued * *

**INVESTIGATOR**

| Time Notified (24HRMM) 1 7 3 7 | How Notified **ON VIEW** | Time Arrived (24HRMM) 1 7 3 7 | Report Date (MM/DD/YYYY) 1 2 1 1 2 0 1 3 |
|---|---|---|---|

| Invest. ☑ Yes Comp. ☐ No | Investigator Name (Printed) **RAY, TRAVIS M.** | ID Num. **11853** |
|---|---|---|

| ORI Num. T X 0 4 3 0 5 0 0 | *Agency **MCKINNEY POLICE DEPARTMENT** | District/ Area A 5 |
|---|---|---|

Copy from Custodial File

accurately describe the sequence of events since they were all struck from the rear.

Driver of Unit 3 transported to Medical Center of Mckinney with unknown injuries.

The exact sequence of events are unknown since no witnesses could be located to accurately describe the crash.

Nothing further.

ADDITIONAL NARRATIVE

* * E N D * *

Copy from Custodial File

| Law Enforcement and TxDOT Use ONLY Form CR-3 1/1/2010 | Case ID **13-010757** | TxDOT Crash ID | | Page 8 of 9 |
|---|---|---|---|---|

| ★Crash Date (MM/DD/YYYY) 1 2 / 1 1 / 2 0 1 3 | ★Crash Time (24HR:MM) 1 7 3 5 | ★County Name | **COLLIN** |
|---|---|---|---|

| ★City Name **MCKINNEY** | | ★1 Rdwy. Sys. **US** | ★Hwy. Num. **75** |
|---|---|---|---|

★Street Name **75**

ORI Num. **T X 0 4 3 0 5 0 0** ★Agency **MCKINNEY POLICE DEPARTMENT**  District/Area **A 5**

| Unit Num | Person Num | 12 Pers. Type | 13 Seat Position | Name: Last, First, Middle | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4 | 5 | 2 | 9 | POLLARD, SPENCER, LOUIS | N | 28 | W | 1 | 1 | 1 | 1 | 1 | N |
| 4 | 6 | 2 | 7 | STEVENSON, GARRETT, WAYNE | N | 28 | B | 1 | 1 | 1 | 1 | 1 | N |

ADDITIONAL PERSONS

**Copy from Custodial File**



Copy from Custodial File

# EXHIBIT "B-15"

FILED
3/7/2015 8:26:15 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

NO. CC-15-02648-B

| | | |
|---|---|---|
| MATTHEW R. MCCORMICK, | § | IN THE COUNTY COURT |
| DENVAN BENTLEY, | § | |
| MARTIN R.  STEWART | § | |
| SPENCER L. POLLARD, | § | |
| LEE R.  SPIELMAN, AND | § | |
| GARRETT STEVENSON, | § | |
| PLAINTIFFS | § | |
| | § | |
| | § | |
| VS. | § | AT LAW NO.  3 |
| | § | |
| | § | |
| RICHARD C. PAYNE, BRETT C. | § | |
| BRAYTON AND WARREN | § | |
| TRANSPORTATION, LLC., | § | |
| WARREN TRANSPORT, INC. | § | |
| DEFENDANT | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S NOTICE OF NONSUIT

TO THE HONORABLE JUDGE OF SAID COURT:

Please be advised that Plaintiffs, MATTHEW R. MCCORMICK, DENVAN BENTLEY, MARTIN R. STEWART, DENVAN BENTLEY, SPENCER L. POLLARD, LEE R. SPIELMAN, AND GARRETT STEVENSON, hereby takes a nonsuit of Plaintiffs' claim against WARREN TRASPORTATION, LLC., Defendant in the above-styled case, with prejudice to refiling of same, pursuant to Rule 162 of the Texas Rules of Civil Procedure.

The docket clerk is requested to enter this notice into the minutes of the Court.

Respectfully submitted,

_____

**CRAIG W. THOMAS**
State Bar No. 24048047
craig@972lawfirm.com
**JEREMY MCKEY**
State Bar No. 24053353
jeremy@972lawfirm.com

## MCKEY & SANCHEZ

1349 Empire Central, Ste. 700
Dallas, Texas 75247
Tel/Fax: (972) LAW-FIRM
(972) 529-3476 telephone/facsimile
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of August, 2015, a true and correct copy of the foregoing instrument has been served electronically served and/or mailed to on all counsel and parties of record.

**ADAM B. LECRON**
**State Bar No. 00786447**
**THE LECRON LAW FIRM, PC**
**Wall Street Plaza**
**123 North Ctockett St., Ste. 200**
**Sherman, Texas 75090**
**Tel No. (903) 813-1900**
**Fax No. (903) 813-1944**
**eservice@lecronelaw.com.com**
**ATTORNEY FOR DEFENDANT**
**RICHARD C. PAYNE**

**BRENT W. CHANDLE**
**State Bar No. 24055291**
**SARGENT LAW, P.C.**
**901 Main Street, Ste. 5200**
**Dallas, Texas 75202**
**Tel No. (214) 749-6510**
**Fax No. (214) 749-6310**
**Brent.chandler@sargentlawtx.com**
**ATTORNEY FOR DEFENDANTS**
**BRETT COLBY BRAYTON AND**
**WARREN TRANSPORT, INC.**

_____
Craig W. Thomas

# EXHIBIT "B-16"

FILED
8/13/2015 5:32:36 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Cause No. CC-15-03015-C

| | | |
|---|---|---|
| MATTHEW R. MCCORMICK, | § | IN THE COUNTY COURT |
| DENVAN BENTLEY, | § | |
| MARTIN R. STEWART, | § | |
| SPENCER L. POLLARD, | § | |
| LEE R. SPIELMAN, and | § | |
| GARRETT STEVENSON | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | AT LAW NO. 3 |
| | § | |
| | § | |
| RICHARD C. PAYNE, | § | |
| BRETT C. BRAYTON and | § | |
| WARREN TRANSPORTATION, LLC, | § | |
| WARREN TRANSPORT, INC. | § | |
| | § | |
|     Defendants | § | DALLAS COUNTY, TEXAS |

| | | |
|---|---|---|
| RICHARD C. PAYNE | § | |
|     Cross-Plaintiff | § | |
| | § | |
| v. | § | |
| | § | |
| BRETT C. BRAYTON and | § | |
| WARREN TRANSPORT, INC. | § | |
|     Cross-Defendants | § | |

## DEFENDANT/CROSS-PLAINTIFF RICHARD C. PAYNE'S CROSS-CLAIM AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, RICHARD PAYNE, Defendant/Cross-Plaintiff, in this his Cross-Claim and Request for Disclosure pursuant to TEX. R. CIV. P. 97, against Cross-Defendants BRETT C. BRAYTON and WARREN TRANSPORT, INC., for cause of action would respectfully show unto the Court as follows, to-wit:

# I. PARTIES

1.       Cross-Plaintiff Richard C. Payne ("Cross-Plaintiff") is a natural person and citizen of Texas and the United States.

2.       Cross-Defendant Brett Colby Brayton ("Brayton" or "Cross-Defendant") is natural person and citizen of the State of Iowa and of the United States. Mr. Brayton has appeared.

3.       Cross-Defendant Warren Transport, Inc. ("Warren Transport" or "Cross-Defendant) is a foreign corporation pursuant to federal law whose main office is located in Iowa and is deemed, for purposes of jurisdiction and venue in civil actions, to be a citizen of the state of Iowa. Warren Transport has appeared.

## II. JURISDICTION AND VENUE

4.       The amount in controversy exceeds the minimum jurisdictional limits of this Court, and the Court has jurisdiction over the subject matter.

5.       Venue is not proper in Dallas County because all or a substantial part of the events or omissions that gave rise to this claim occurred in Collin County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).[1]

## III. AGENCY AND RESPONDEAT SUPERIOR

6.       Whenever in this petition it is alleged that any Defendant did, or failed to do, any act, thing and/or omission, it is meant that Defendant itself or its agents, officers, servants, employees, vice principals, or representatives either did or failed to do such act, thing and/or omission, and it was done with the full authorization or ratification of Defendant, and/or done in the normal routine, course and scope of the agency or employment of Defendant or its agents,

---

[1] *See* Plaintiffs' First Amended Petition, pg. 4.

officers, servants, employees, vice principals, or representatives and/or with actual and/or apparent authority of Defendant.

7.      To the extent that Defendant Warren Transport asserts that Mr. Brayton is an independent contractor, the Court should find that Mr. Brayton is an *employee* of Warren Transport, and that Warren Transport is a *motor carrier* and *employer*, with respect to violations of the Federal Motor Carrier Safety Regulations, as well as violations of Texas Statutes.

## IV. FACTUAL BACKGROUND

8.      On December 11, 2013, Cross-Plaintiff was driving a vehicle traveling south bound on the 1800 block of U.S. 75 when he came upon stopped traffic. He slowed down and stopped with the rest of traffic and was hit from behind by the semi driven by Cross-Defendant Brett Colby Brayton, employee truck driver for Cross-Defendant Warren Transport, Inc. He felt the impact of the semi ramming his vehicle, causing him to careen into the vehicle immediately in front of him and causing his truck to spin counter clockwise. His truck was then hit a second time by the trailer of the semi when the semi jack knifed.

9.      After first responders arrived and Cross-Plaintiff was removed from his truck, Plaintiff was transported to Medical Center of McKinney. At the time, he could not feel his left leg and had serious impairment of the lower part of his body. At the hospital, he spoke with the officer from the scene of the accident, who told him that the driver of the truck only saw taillights and was traveling at least 40 miles per hour when he struck Plaintiff's truck.

10.     As a direct and proximate cause of the accident, Cross-Plaintiff sustained serious injuries and damages to his pelvis, knee, and body generally.  Cross-Plaintiff was taken by ambulance to Medical Center of McKinney and diagnosed with acute minimally displaced

comminuted left acetabular fracture involving the anterior and posterior columns. One of the fracture lines extends superiorly through the pelvis to the area of the sacroiliac joint.

11.     Since that time, he has continued to have pain and restricted mobility in his lower body. He has required almost continual medical care even after being discharged from the hospital and has suffered continuous pain, muscle spasm, and an inability to sleep. He is also continuing to undergo physical therapy in order to attempt to have a semi-normal life after this catastrophic event. These injuries were and are proximately caused by Cross-Defendant Brayton's actions as an employee of Warren Transport.

12.     Further, based on the foregoing, Cross-Defendants are liable for any and all claims by Plaintiffs against Mr. Payne.

## V. CAUSES OF ACTION

13.     The collision described above, and the resulting injuries and damages suffered by Mr. Payne, were proximately caused by the negligent conduct of Cross-Defendants, the driver in one or more of the following respects:

1.      Violating Texas Transportation Code 545.062, by failing to keep an assured clear distance;

2.      Violating Texas Transportation Code §545.151, by failing to yield the right of way;

3.      Violating Texas Transportation Code §545.351, by driving at a speed greater than reasonable and prudent under the circumstances then existing;

4.      Violating Texas Transportation Code §545.351, by driving in willful or wanton disregard for the safety of persons or property;

5.      Violating Texas Administrative Code § 4.11(a), by violating the incorporated Federal Motor Carrier Safety Regulations.

6.      Violating Federal Motor Carrier Safety Regulations 49 C.F.R. § 396.7 in operating a motor vehicle in a condition likely to cause an accident.

7.      Violating Federal Motor Carrier Safety Regulations 49 C.F.R. § 382.101 *et seq.*

8.      Violating Federal Motor Carrier Safety Regulations 49 C.F.R. § 390.1 *et seq.* by failing to maintain driver records.

9.      Violating Federal Motor Carrier Safety Regulations 49 C.F.R. § 392.1 *et seq.*

10.     Failing to turn to the right (left) to avoid colliding with Plaintiff;

11.     Failing to keep a proper lookout;

12.     Failing to apply his brakes properly and/or timely.

14.     Cross-Defendant Brayton was negligent on the occasion in question, which was the proximate cause of Mr. Payne's injuries. Each of these acts and omissions, singularly or in combination, constituted negligence which proximately caused the occurrence made the basis of this action and the Mr. Payne's injuries and damages as described below.

### *Negligence*

15.     Mr. Payne realleges the allegations contained above, inclusive, and incorporates the same herein by reference.

16.     Liability in a negligence action requires: (1) a legal duty owed one person by another; (2) a breach of that duty; (3) that the breach was a proximate cause of the injury; and (4) actual injury. *Koepke v. Martinez,* 84 S.W.3d 393, 396 (Tex. App.—Corpus Christi 2002, pet. denied) (citing *Bird v. W.C.W.,* 868 S.W.2d 767, 769 (Tex. 1994)).

17.     Brayton was negligent in his actions. He owed a general duty of care to those on the road, which he breached in not paying attention to the traffic conditions and failing to brake, hitting Plaintiff. As an employee for Warren Transport, Warren is liable for Brayton's actions under respondeat superior. Brayton was acting in the scope of his employment, therefore Warren Transport is liable for his actions.

18.     Brayton's actions were the proximate cause of Plaintiff's injuries. Therefore, Brayton and Warren Transport are liable for the injuries caused to Plaintiff.

### *Negligent Hiring/Supervision*

19.     Mr. Payne realleges the allegations contained above, inclusive, and incorporates the same herein by reference.

20.     Warren Transport owed Mr. Payne a legal duty to hire, supervise, train, and retain competent employees.  Warren Transport breached that duty in its hiring, supervision, training, and retention of Brayton.  Warren Transport's breach proximately caused injury to Mr. Payne. *Castillo v. Gulf Coast Livestock Mkt., L.L.C.*, 392 S.W.3d 299, 306 (Tex. App.—San Antonio 2012, no pet.).  Therefore, Warren Transport is liable for the injuries caused to Mr. Payne.

### *Gross Negligence*

21.     Plaintiff realleges the allegations contained above, inclusive, and incorporates the same herein by reference.

22.     Gross negligence includes two elements in addition to the elements of negligence: (1) viewed objectively from the actor's standpoint, the act or omission must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others. *U-Haul Intern., Inc. v. Waldrip* 380 S.W.3d 118, 137 (Tex. 2012).

23.     Defendant Brayton's actions constituted an act that involved an extreme degree of risk. Brayton knew or should have known that driving in a major urban center at high speeds during the evening rush hour involves an extreme degree of risk, as traffic conditions can change in very little time. Driving at 60 miles per hour in rush hour traffic in a semi involves an extreme

degree of risk as semis cannot brake effectively to respond to the change in traffic conditions. Further, Brayton had actual awareness of the risk involved in traveling at high speeds during rush hour. Because Brayton's actions involved a high degree of risk and he had actual awareness of the risk involved, Brayton and Warren Transport are grossly negligent.

### *Negligence Per Se*

24.     Plaintiff realleges the allegations contained above, inclusive, and incorporates the same herein by reference.

25.     Negligence per se applies when the courts have determined that violation of a particular statute is negligence as a matter of law. *See Parrot v. Garcia,* 436 S.W.2d 897, 900 (Tex. 1969). To prevail in a negligence per se claim, a Plaintiff must show: (1) that Plaintiff belongs to the class of persons the statute was designed to protect, and the injury suffered is of the type that statute was designed to prevent; (2) the statute is one for which tort liability may be imposed when violated; (3) defendant violated the statute without excuse; and (4) defendant's act or omission proximately caused Plaintiff's injury. *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 549 (Tex. 1985).

A.     **Violations of the Texas Transportation Code**

26.     As shown above, Defendants violated numerous sections of the Texas Transportation Code. The Transportation Code was created to protect drivers on Texas roads, of which Plaintiff was one. Defendants' actions were the proximate cause of Plaintiff's injuries. As such, Brayton and Warren Transportation are liable for negligence per se.

B.     **Violations of the Texas Administrative Code**

27.     Also shown above, Defendants violated numerous sections of the Texas Administrative Code.   Specifically, TEX. ADMIN. CODE § 4.11 (Tex. Dep't of Pub. Safety,

Commercial Vehicle Regulations & Enforcement Procedures) incorporates provisions of the Federal Motor Carrier Safety Regulations.  As such, Brayton and Warren Transport are liable for negligence per se.

> **C.**     **Violations of the Federal Motor Carrier Safety Regulations**

28.     Finally, also shown above, Cross-Defendants violated numerous sections of the Federal Motor Carrier Safety Regulations.  *See* 49 C.F.R. § 376.1 *et seq.*  As such, Brayton and Warren Transport are liable for negligence per se.

*Liability*

29.     Cross-Plaintiff realleges the allegations contained above, inclusive, and incorporates the same herein by reference.

30.     Based on the foregoing facts and causes of action, Mr. Payne seeks a declaration that Cross-Defendants are wholly and completely liable for any and all claims asserted against Mr. Payne by Plaintiffs.

## VI. DAMAGES

31.     As a result of the negligence of Cross-Defendants, Cross-Plaintiff suffered severe bodily injuries to his pelvis, knee and body generally.  As a further result of the negligence and the injuries described above, Cross-Plaintiff has incurred expenses for medical care and attention.  These expenses were necessary for the care and treatment of the injuries sustained by Cross-Plaintiff, and the charges made for such services were reasonable in Collin County, Texas. (Cross-Plaintiff will require further medical care and attention and will necessarily incur reasonable expenses in the future for such medical needs.).

32.     In addition, as a result of Cross-Defendants' negligent conduct as alleged hereinabove, Cross-Plaintiff has sustained the following damages:

(1)    Past reasonable and necessary medical expenses;

(2)    Reasonable and necessary medical expenses which in all probability will be incurred in the future;

(3)    Past physical pain and suffering;

(4)    Future physical pain and suffering;

(5)    Past mental pain and anguish;

(6)    Past physical impairment;

(7)    Future physical impairment;

(8)    Disfigurement

(9)    Pre-judgment interest as allowed by law;

(10)    Post-judgment interest for which he now sues;

(11)    Lost wages, and future loss of wage earning capacity;

(12)    Exemplary damages; and

(13)    Court Costs.

33.    Pursuant to TEX. R. CIV. P. 47, Cross-Plaintiff seeks damages over $1,000,000.

## VII. CONDITIONS PRECEDENT

34.    All conditions precedent have been performed or have occurred as required by TEX. R. CIV. P. 54.

## VIII. REQUEST FOR DISCLOSURE

35.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Mr. Payne hereby requests Cross-Defendants to disclose, within fifty (50) days of service of this request, the information and material described in Rule 194.2 (a)-(1).

## IX. DEMAND FOR JURY

36.    Mr. Payne demands a jury trial and tendered the appropriate fee.

## X. Prayer

WHEREFORE, PREMISES CONSIDERED, Mr. Payne requests:

1) Judgment against Cross-Defendants in a sum within the jurisdictional limits of the court;

2) Cross-Defendants found liable for all claims asserted by Plaintiff against Mr. Payne;

3) Prejudgment and post-judgment interest as provided by law;

4) Costs of suit; and

5) Such other and further relief to which Cross-Plaintiff may be justly entitled.

6)

Respectfully submitted,

**GAGNON, PEACOCK & VEREEKE, PLLC**
4245 N. Central Expressway
Suite 250, Lock Box 104
Dallas, Texas 75205
Telephone:  (214) 824-1414
Facsimile:  (214) 824-5490
Email:  Attorneys@GapsLaw.com

By:  /s/    *David M. Vereeke*
     David M. Vereeke
     State Bar No. 20547500
     J.B. Peacock, Jr.
     State Bar No. 15678500
     Colin P. Benton
     State Bar No. 24095523

ATTORNEYS FOR
DEFENDANT/CROSS-PLAINTIFF

**THE LECRONE LAW FIRM, PC**
Wall Street Plaza
123 North Crockett Street, Suite 200
Sherman, Texas 75090
Telephone: (903) 813-1900
Facsimile: (903) 813-1944
eservice@lecronelaw.com

**ADAM LECRONE**
State Bar No. 00786447
**JOHN W. BREEZE**
State Bar No. 00796248
**MARK A. TEAGUE**
State Bar No. 24003039
**T. RYAN JOHNSON**
State Bar No. 24063959
**HILLARY L. CLARK**
State Bar No. 24077714
**MICHAEL S. KELLY**
State Bar No. 24055767
**CLINT B. SLOAN**
State Bar No. 24093163

ATTORNEYS FOR
DEFENDANT/CROSS-PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 13th day of August, 2015, a true and correct copy of the foregoing document was served upon the following:

Craig W. Thomas and                                    **VIA FACSIMILE**
Jeremy W. McKey
McKEY & SANCHEZ, P.C.
1349 Empire Central, Suite 700
Dallas, Texas 75247
Telephone: 972-529-3476
Facsimile: 972-529-3476

Brent W. Chandler                                      **VIA FACSIMILE**
David L. Sargent
SARGENT LAW, P.C.
901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone: 214-749-6510
Facsimile: 214-749-6310

                                        /s/    *David M. Vereeke*
                                        Of Gagnon, Peacock & Vereeke, PLLC