UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MATTHEW R. MCCORMICK, DENVAN § 
BENTLEY, MARTIN R. STEWART, §
SPENCER L. POLLARD, LEE R. SPIELMAN, §
and GARRETT STEVENSON, §
§   No. 3:15-cv-02729-M
     Plaintiffs, §
§
v. §
§
RICHARD C. PAYNE, BRETT C. BRAYTON, §
and WARREN TRANSPORT, INC. §
§
     Defendants. §

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Transfer, filed by Brett C. Brayton and Warren Transport, Inc. [Docket Entry #8]. For the reasons stated below, the Motion is **GRANTED**. The case is **TRANSFERRED** to the Sherman Division of the Eastern District of Texas. The Court will not reach Plaintiffs' Motion to Remand [Docket Entry #12].

**I.   BACKGROUND**

This case arises out of a motor vehicle accident that occurred in the city of McKinney, Texas, which is located in Collin County, in the Sherman Division of the Eastern District of Texas. Following the accident, Plaintiffs filed suit in County Court, No. 3, of Dallas County, Texas. In their Petition, Plaintiffs claimed venue was proper in Dallas County because "all or a substantial part of the events or omissions giving rise to th[e] lawsuit occurred in [that] county." However, they acknowledged that the accident occurred in McKinney and provided no reference to any events or omissions giving rise to the lawsuit that occurred in Dallas County.

All of the Plaintiffs but Bentley are citizens of California. Plaintiff Bentley is a citizen of

New York.  Defendant Warren Transport, Inc. is a citizen of Nebraska and Iowa, because it is incorporated in Nebraska and has its principal place of business in Iowa.  Defendant Brayton is a citizen of Iowa, and Defendant Payne is a citizen of Texas.

Before this case was filed, Defendant Payne filed suit against the other Defendants in County Court at Law No. 2, in Collin County, Texas.  The other Defendants removed that case to the Eastern District of Texas.  However, when this case was filed, the parties voluntarily dismissed the case in the Eastern District.  The Defendants then removed this case, maintaining that Payne was improperly joined as a Defendant, but instead was in fact the first-filing Plaintiff.

After removal, Defendants filed a Motion to Transfer pursuant to 28 U.S.C. § 1406(a), or, alternatively, pursuant to 28 U.S.C. § 1404(a).  Plaintiffs have not responded to the Motion to Transfer, and the Certificate of Conference reflects that Plaintiffs do not oppose transfer to the Eastern District.  However, Plaintiffs moved to remand the case, arguing that diversity jurisdiction does not exist because Payne was properly joined as a Defendant.

**II.    ANALYSIS**

*A.  The Court May Address Improper Venue Before Reaching Subject Matter Jurisdiction*

Although a district court must determine whether it has subject matter jurisdiction before proceeding to adjudicate the merits, courts may reach questions of venue prior to determining subject matter jurisdiction.  *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,* 549 U.S. 422, 425 (2007) ("[A] court need not resolve whether it has authority to adjudicate the cause (subject matter jurisdiction) . . . if it determines that, in any event, a foreign tribunal is plainly the more suitable arbiter of the merits of the case"); *see also Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 525 (5th Cir. 2008).

As the Supreme Court has noted, "[j]urisdiction is vital only if the court proposes to issue

a judgment on the merits." *Sinochem,* 549 U.S. at 431–32 (quoting *Intec USA, LLC v. Engle,* 467 F.3d 1038, 1041 (7th Cir. 2006)). A decision to transfer a case is not a merits decision. *Hardwick v. Factor*, 2011 WL 1831706, at *2 (S.D. Tex. May 9, 2011) (Rosenthal, J.). Thus, where a case is filed in the wrong forum, courts are authorized to take "the less burdensome course" and transfer the case, rather than address subject matter jurisdiction. *Sinochem,* 549 U.S. at 435.

Other district courts in this circuit have transferred cases before a determination of subject matter jurisdiction. *See, e.g.*, *In re BP S'holder Derivative Litig.*, 2011 WL 4345209, at *2 (S.D. Tex. Sept. 15, 2011), *aff'd sub nom. City of New Orleans Employees' Ret. Sys. ex rel. BP P.L.C. v. Hayward*, 508 F. App'x 293 (5th Cir. 2013); *Woodlands Dev., LLC v. Regions Bank*, 2013 WL 3233472, at *3 (E.D. La. June 24, 2013); *Hardwick*, 2011 WL 1831706, at *2; *Doubletree Partners, L.P. v. Land America American Title Co.*, 2008 WL 5119599, at *2 (N.D. Tex. Dec. 3, 2008).

Here, where none of the events giving rise to the lawsuit occurred in this district, and there was a previously filed case involving the same facts in the Eastern District of Texas, and the subject matter jurisdiction inquiry involves a detailed improper joinder analysis, the Court will analyze the proper venue, and if it is not this district, will transfer the case, including the Motion to Remand.

### B. Improper Venue

28 U.S.C. § 1391(b) states that "[a] civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." § 1391(b).  When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b).  If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a). *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, __ U.S. ___, 134 S. Ct. 568, 577 (2013).

Once a defendant has objected to venue, the burden shifts to the plaintiff to establish that venue is proper, but the Court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff.  *Emelike v. L-3 Commc'ns Corp.*, 2013 WL 1890289, at *1 (N.D. Tex. May 7, 2013) (Lynn, J.) (citing *Ginter ex rel. Ballard v. Belcher, Predergast & Laporte,* 536 F.3d 439, 449 (5th Cir. 2008)).  Courts may consider evidence in the record beyond those facts alleged in the complaint and its proper attachments.  *Id.*  Since Plaintiffs have provided no evidence to support their conclusory allegation that the events giving rise to the claims occurred in Dallas County, and the facts alleged in and evidence attached to the First Amended Petition show that the accident giving rise to the claims occurred in McKinney, the Court finds that the accident giving rise to the claims occurred in the Eastern District.  First Am. Pet. [Docket Entry #1-2] at 40, 82.

Because not all Defendants are citizens of Texas, venue is not proper in this district under § 1391(b)(1).  Additionally, because none of the events or omissions giving rise to the claim occurred in this district, venue here is not proper under § 1391(b)(2).  Venue in this district also is not proper under § 1391(b)(3), since a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Texas, not the Northern District of Texas.

§ 1391(b)(2); *see Beasley v. Krafcisin*, 2014 WL 4651996, at *3 (N.D. Tex. Sept. 17, 2014) (Lynn, J.), *aff'd*, 609 F. App'x 215 (5th Cir. 2015).

If venue is improper, "a district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice." *Caldwell v. Palmetto State Savs. Bank,* 811 F.2d 916, 919 (5th Cir. 1987). Plaintiffs have not objected to transfer, and, in the interests of justice, the Court will transfer the case.

### III.   CONCLUSION

The Motion to Transfer Venue is **GRANTED**.  The case is **TRANSFERRED** to the Sherman Division of the Eastern District of Texas.

**SO ORDERED**.

November 23, 2015.

*[signature]*
**BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS**